3 So.2d 5

### Ex parte PEARSON.

#### 5 Div. 336.

Supreme Court of Alabama.

May 22, 1941.

Rehearing Denied June 30, 1941.

Denson & Denson and L. J. Tyner, all of Opelika, and Sam W. Oliver and Ralph Segrest, both of Dadeville, for petitioners.

Hill, Hill, Whiting & Rives, of Montgomery, and Wilbanks & Wilbanks, of Dadeville, for respondent.

BROWN, Justice.

The jurisdiction of the Probate Court to entertain a proceeding contesting a will is a statutory and limited jurisdiction, and after the proceeding to probate the will has eventuated in a final decree admitting the will to probate the court is without jurisdiction to entertain a contest.

The language of the statute is: "A will, *before the probate thereof*, may be contested," etc. [Italics supplied.] Code 1923, § 10625, Code 1940, Tit. 61, § 52; Ex parte Walter et al., 202 Ala. 281, 80 So. 119.

So, also, the jurisdiction conferred on the Circuit Court as a court of law by § 10636 of the Code, Code 1940, Tit. 61, § 63, is also a statutory and limited jurisdiction, and to warrant the exercise of that jurisdiction there must be pending in the Probate Court a valid contest when the Probate Court or the Judge thereof enters the order transferring the contest to the Circuit Court. Code 1923, § 10636.

In the instant case the final decree probating the will was entered on April 17, 1940, and the alleged contest was not filed until October 11, 1940. Under the statute, Code of 1923, § 9590, as amended at the Extra Session of the Legislature 1932, Acts 1932, p. 52, Code 1940, Tit. 13, § 295, the Probate Court had exhausted its jurisdiction and had no authority to receive and file the alleged contest.

The jurisdiction of the Circuit Court as a court of equity is also statutory and limited, and that jurisdiction can only be quickened into exercise, "by bill in equity" filed in the Circuit Court, by a person who has not contested and is interested in the estate of the decedent if the will is set aside, within "six months after the admission of such will to probate." Code 1923, § 10637, as amended by Act 1931, p. 844, Code 1940, Tit. 61, § 64. See Michie's Supplement to Code 1928;. Ex parte Walter, supra.

It is familiar law in Alabama, the only way to quicken into exercise a statutory and limited jurisdiction is by pursuing the mode prescribed by the statute. Cox v. Johnson et al., 80 Ala. 22; Wiley v.

State, 117 Ala. 158, 159, 23 So. 690; Martin v. Martin et al., 173 Ala. 106, 55 So. 632.

 The alleged certification of the contest by the Probate Judge to the Circuit Court and the filing of the papers therein were without authority of law, and the clerk of the Circuit Court had no authority to receive them. They were not Circuit Court papers. Ex parte Johnson & Seats, 60 Ala. 429; Hurt et al. v. Knox, 220 Ala. 448, 126 So. 110; Collins Paving Co. v. Holseapple, 221 Ala. 308, 128 So. 599.

The receiving of said papers and the entry of the case on the docket was inefficacious to confer jurisdiction on the Circuit Court either as a court of law or equity to entertain the alleged contest, and all the court had authority to do was to strike the alleged case from the docket.

The demurrers of the respondent to the petition are not well taken and are overruled. Unless the respondent, upon being advised of this opinion, is content to make the appropriate order setting aside the order transferring the alleged contest to the equity docket, and striking the alleged case from the docket, the clerk will issue the peremptory writ of mandamus.

Peremptory writ ordered, conditionally.

GARDNER, C. J., and THOMAS and LIVINGSTON, JJ., concur.