66 So.2d 901

**Ex parte STEPHENS et al.**

**6 Div. 579.**

Supreme Court of Alabama.

Aug. 6, 1953.

Johnson & Randall, Oneonta, for petitioners.

**362**

J. E. Bains, Oneonta, for respondent.

STAKELY, Justice.

The question for decision is whether the Intermediate Court of Blount County created by Act of the Legislature No. 494 approved August 2, 1951, Acts of 1951, p. 874, has the exclusive jurisdiction to try the contest of wills in Blount County, Alabama.

This proceeding is an original petition for a writ of mandamus filed in this court against the Hon. J. S. Stone, as Judge of the Circuit Court of Blount County, Alabama, to review and revise his action as Judge of the aforesaid court in holding that the Intermediate Court of Blount County created under the act, as aforesaid, has exclusive jurisdiction to try the contest of the will, which will be hereinafter referred to.

The petition alleges in substance the following. Petitioners Chester Stephens and Ethel Stephens are each over the age of 21 years and are each legatees under the will of E. T. Stephens, deceased, and are designated as executor and executrix, respectively, under said will. E. T. Stephens was a resident citizen of Blount County, Alabama and died in Blount County, Alabama on towit January 30, 1953, and his last will and testament was filed for probate in the Probate Court of Blount County on February 4, 1953.

Edgar Stephens and Earnest Stephens, heirs at law of E. T. Stephens, deceased, duly filed a contest of the aforesaid will in the Probate Court of Blount County.

Chester Stephens and Ethel Stephens, petitioners here and proponents of the will, demanded in writing that the contest be transferred to the Circuit Court of Blount County and demanded that the Probate Court or the Judge thereof enter an order transferring the contest to the Circuit Court of Blount County, Alabama and certify all papers and documents pertaining to the contest to the Clerk of the Circuit Court and further that when the cause is transferred to the circuit court the circuit clerk will docket the cause and the cause be set down for trial at a regular or special session of the circuit court as provided by § 63, Title 61, Code of 1940, as amended.

On the 24th of February, 1953, L. D. Box, Judge of Probate of Blount County, Alabama, entered an order transferring the contest of the will of E. T. Stephens to the Circuit Court of Blount County, Alabama.

On the 27th of February, 1953 the contestants Edgar Stephens and Earnest Stephens filed in the Circuit Court of Blount County a plea to the jurisdiction, alleging in effect that the circuit court was without jurisdiction by reason of Act No. 494, Acts of Alabama of 1951, pp. 874–880. The petitioners filed a motion on March 6, 1953, to quash or strike the defendants' plea to the jurisdiction, which motion was denied by the court. Thereafter on March 6, 1953 petitioners filed demurrers to the defendants' plea to the jurisdiction, which were overruled by the court.

Thereafter on March 6, 1953 the circuit court ordered the clerk to transfer all pa-

pers in said case for further action in accordance with Act No. 494, which has been heretofore referred to. Petitioners on the 17th of March 1953 filed a motion in the circuit court to vacate and set aside the order of the circuit court made and entered on the 6th of March, 1953, hereinabove referred to. This motion on the 3rd day of April, 1953 was denied and overruled by the court.

The jurisdiction of the probate court to entertain all proceedings contesting a will is a statutory and limited jurisdiction. Furthermore the jurisdiction conferred on the circuit court by § 63, Title 61, Code of 1940 to try contests of wills is also a statutory and limited jurisdiction. Ex parte Pearson, 241 Ala. 467, 3 So.2d 5.

Accordingly the legislature has the right to confer on any court of proper jurisdiction the exclusive right to try will contests. Since the right to try will contests is not vested in some court by the constitution but conferred by statute, Ex parte Pearson, supra, the legislature can take away by repeal of the earlier act what it has conferred. Fidelity & Deposit Co. v. Farmers' Hardware Co., 223 Ala. 477, 136 So. 824.

So we come to the question as to whether the act establishing the Intermediate Court of Blount County conferred on that court the exclusive right to try will contests in Blount County or merely jurisdiction concurrent with the circuit court to try this type of litigation. To put the question another way, was § 63, Title 61, Code of 1940 repealed so far as Blount County is concerned by Act No. 494, Acts of Alabama, 1951, pp. 874–880, which established the Intermediate Court of Blount County?

Section 2(f) of Act No. 494 provides that "Upon the institution of a contest involving the validity of a will offered for probate, the probate court, or the judge thereof, must enter an order transferring the contest to the court herein established * * *." In Section 63, Title 61, Code of 1940, it is provided that "Upon the demand of any party to the contest * * * the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court * * *." It will be noted that in both acts the words "must transfer the contest" are used. These words have been regarded as mandatory in § 63, Title 61, Code of 1940. See Curry v. Holmes, 249 Ala. 545, 32 So.2d 39. Ordinarily "must" is regarded as mandatory in meaning. 64 C.J.S., page 1080.

Act No. 494 specifically provides that all laws or parts of laws which conflict with this act are repealed. § 9.

It may be added that the act shows an intention to establish a court of record, the judge of which must be learned in the law. Provision is made that an appeal from a judgment in a trial of a will contest may be taken to the Supreme Court, § 2(f), and a jury trial may be demanded, § 4(b). Acts of 1951, p. 874.

We conclude that the intention of the legislature as shown by the act is to vest exculsive jurisdiction in the Intermediate Court of Blount County to try will contests in Blount County and therefore the circuit court has no jurisdiction.

It results that the action of Judge Stone was proper and mandamus must be denied.

Mandamus denied.

All the Justices concur.