132 So.2d 382

Sadie S. LOVELL et al.

v.

Linda Sue LOVELL.

7 Div. 534.

Supreme Court of Alabama.

June 29, 1961.

Starnes & Holladay, Pell City, for appellee.

LAWSON, Justice.

This is an appeal by contestants from a judgment admitting an alleged lost or misplaced will to probate.

Willard Paul Lovell, hereinafter referred to as Paul Lovell, died on December 4, 1958. He was survived by his widow, Linda Sue Lovell, hereinafter referred to as Mrs. Sue Lovell; by his mother, Mrs. Sadie S. Lovell, who was eighty-three years of age and an inmate of a rest home; and by his brother, H. L. Lovell, who will be referred to hereinafter as Jack Lovell.

Mrs. Sue Lovell was appointed administratrix of her husband's estate, no duly executed will having been found.

Later Mrs. Sue Lovell filed a petition in the probate court of St. Clair County to probate the alleged lost or misplaced will of Paul Lovell. An alleged copy of the last will of Paul Lovell was made an exhibit to the petition. According to its terms, Paul Lovell left all of his property to Mrs. Sue Lovell and appointed her executrix.

Mrs. Sadie S. Lovell and Jack Lovell filed a contest in the probate court and subsequently had the cause transferred to the circuit court, where it was tried before a jury.

Johnson & Randall, Oneonta, for appellants.

The jury found the issues in favor of the proponent, the widow, Mrs. Sue Lovell. Judgment was entered wherein the will was admitted to probate.

The contestants appealed to this court. We reversed because of an erroneous instruction. Lovell v. Lovell, 270 Ala. 720, 121 So.2d 901. We did not pass on the question as to whether the evidence was sufficient to support the verdict.

At the trial following remandment by this court, a jury again found in favor of the proponent. Judgment followed the verdict. The will was admitted to probate.

The contestants' motion for a new trial was overruled. They have again appealed to this court.

It seems to be conceded for the purposes of this appeal that Paul Lovell did duly execute a will on October 16, 1958, wherein he left all of his property to his wife, Mrs. Sue Lovell.

But the evidence shows that Paul Lovell retained possession of the will and there is no evidence to the effect that it was not always accessible to him after the date of its execution.

It is the law recognized generally (3 A.L.R.2d 950–989) and definitely recognized in this state that, when the will is shown to have been in the possession of the testator, and is not found at his death, the evidential presumption is that the testator in possession thereof destroyed the will *animo revocandi*. McBeth v. McBeth, 11 Ala. 596; Weeks v. McBeth, 14 Ala. 474; Allen v. Scruggs, 190 Ala. 654, 67 So. 301; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427.

The presumption may be rebutted but the burden of rebutting the presumption is on the proponent. Jaques v. Horton, 76 Ala. 238.

As pointed out above, the petition to probate alleged that the will was lost or misplaced, but the case was tried on the theory that the will was destroyed by Jack Lovell because it was to his interest to do so.

The proponent offered evidence to the effect that Jack Lovell had been shown the will by his brother Paul, the alleged testator, and knew that Paul placed the will in a safe in the back of his store. The safe was shown to have been unlocked during the day. The evidence does not show when Jack saw the will or under what circumstances. There is no evidence in this record tending to show that Jack Lovell ever entered his brother's place of business after he was shown the will.

But even if it could be said that the evidence was sufficient to show that Jack Lovell had an opportunity to destroy the will, that fact standing alone would not be sufficient to overcome the presumption that the will was destroyed by Paul Lovell with the intent to revoke it. Opportunity is only a circumstance to be considered with other proof. Gavitt v. Moulton, 119 Wis. 35, 96 N.W. 395; Gumtow v. Janke, 177 Mich. 574, 143 N.W. 616; Bauskett v. Keitt, 22 S.C. 187; Thomas v. Thompson, 114 Fla. 833, 155 So. 321; Scott v. Maddox, 113 Ga. 795, 39 S.E. 500; In re Moos' Estate, 414 Ill. 54, 110 N.E.2d 194; Washington University Law Quarterly, Vol. 24, pp. 105, 113, 114.

The proponent and her witness, Elmer Cole, testified as to a statement made by Jack Lovell on or about December 13, 1958, in the proponent's home, after he had been shown the alleged copy of the will. According to Cole, he had been called to proponent's home for the purpose of taking Jack Lovell's acknowledgement to a quitclaim deed which the proponent sought to have Jack Lovell execute wherein he would convey to her any interest he might have inherited in certain pieces of real property owned by Paul Lovell.

The proponent, Mrs. Sue Lovell, and Cole testified to the effect that on that occasion the proponent showed Jack Lovell the alleged copy of the will; that Jack Lovell admitted it was a copy of the will which he had been shown by his brother Paul except that it was not witnessed, signed or dated. Proponent said that Jack Lovell told her on that occasion that she would have "to find the original will and it has got to be signed and the date has got to be right."

We do not think that the so-called evidence of opportunity of Jack Lovell to destroy the will and the statements claimed to have been made by him on December 13, 1958, are sufficient to overcome the presumption of revocation by the nonproduction of the will.

We can see nothing suspicious in the statement. It is such as any person might make when shown an unexecuted instrument under which another was claiming property to which the declarant might be entitled and, as we have shown, mere opportunity of Jack Lovell to destroy the will would not be sufficient to rebut the presumption.

We hold that the evidence was insufficient to overcome the presumption of revocation by Paul Lovell and that the trial court erred in not granting the contestants' motion for a new trial. See Gumtow v. Janke, supra.

We see no occasion to treat the other assignments of error, for they deal with matters which are not likely to occur on another trial.

The judgment of the trial court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ.