This is an appeal from a judgment in a will contest wherein the jury rendered a verdict in favor of the contestants. We affirm.
Yvonne Dunn Nottage, the proponent, offered for probate the purported last will and testament of her grandfather, Oscar Scott, Sr. The contestants, Oscar's children, removed the administration of the estate from the probate court to the circuit court. They then filed a petition contesting the proffered will and alleged that the will had not been duly executed, that the proponent occupied a confidential relationship with the testator and that she used that position to unduly influence him to execute the will. Fraud and unlawful conspiracy were also alleged.
In order to correct a procedural error, contestants moved to remand the matter to the probate court. Once this motion was granted, they promptly filed a contest in the probate court and, once again, successfully petitioned for and transferred the cause to the circuit court. The jury found the will submitted by the proponent not to be the last will and testament of Oscar Scott, Sr., and accordingly returned a verdict for the contestants. Proponent appealed to this Court after the circuit court denied her motion for new trial.
We must first determine whether the circuit court obtained jurisdiction to hear the contest. This issue, raised by the proponent, arises from the technical procedural requirements imposed by the statutes governing will contests.
Section 43-1-70, Code 1975, authorizes will contests; it provides:
 A will, before the probate thereof, may be contested by any person interested therein, or by any person, who, if the testator had died intestate, would have been an heir or distributee of his estate, by filing in the court where it is offered for probate allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the persons making the application, as plaintiff, and the person contesting the validity of the will, as defendant; and such issue must, on application of either party, be tried by a jury.
In addition to the probate court, the circuit court has jurisdiction to hear will contests under certain circumstances. Section 43-1-78, Code 1975, provides:
 Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court, and the case shall be docketed by the clerk of the circuit court and a special session of said court may be called for the trial of said contest or, said contest may be tried by said circuit court at any special or regular session of said court. The issues must be made up in the circuit court as if the trial were to be had in the probate court, and the trial had in all other respects as trials in other civil cases in the circuit court. An appeal to the supreme court may be taken from the judgment of the circuit court on such contest within 42 days after the entry of such judgment. After a final determination of the contest, the clerk of the circuit court shall certify the transcript of all judgments of the circuit court in such proceedings, together with all of the papers and documents theretofore certified to the circuit court by the probate court, back to the probate court from which they were first certified to the circuit court, and thereafter shall be recorded in the probate court as all other contested wills are recorded in the probate court.
Although this Section empowers the circuit court to hear contests, its grant of jurisdiction is limited. Under the language and judicial interpretation of this section, there must be a valid will contest pending in the probate court before the probate *Page 926 
judge can transfer the contest to the circuit court. Thigpen v.Walker, 251 Ala. 426, 37 So.2d 923 (1948); Ex Parte Pearson,241 Ala. 467, 3 So.2d 5 (1941).
We find that the contestants complied with the statutory requirements for transferring the contest and that the circuit court had jurisdiction over the matter. Although we recognize that initially the circuit court did not have proper jurisdiction because the contestants failed to file a contest in the probate court, this jurisdictional defect was cured when the circuit court remanded the action to the probate court where a contest was filed.
We now address the other issues raised by the proponent. Specifically, the issues are (1) whether a presumption of undue influence arises when a granddaughter, raised as a child in the home of her grandfather, is active in the preparation of her grandfather's will; and (2) whether a beneficiary's typing of a will pursuant to the testator's instructions constitutes undue influence.
The general rule is that a presumption of undue influence arises when a person stands in a confidential relation to the testator, dominates the relationship and procures the execution of the will by participation in undue activity. Arrington v.Working Woman's Home, 368 So.2d 851 (Ala. 1979); Pruitt v.Pruitt, 343 So.2d 495 (Ala. 1977); Reed v. Shipp, 293 Ala. 632,308 So.2d 705 (1975). Ordinarily, this presumption does not arise, however, where the testator is the parent and the person active in the procurement of the will is the testator's child. As we stated in Raney v. Raney, 216 Ala. 30, 112 So. 313
(1927):
 So, we think it may be said that, ordinarily, the dominance of the will of the parent in will cases will be presumed to continue despite family association or business connection. But when old age weakens the physical and mental powers of the one, and full maturity brings strength to the other, when the parent comes to lean upon the child for counsel, leadership, the conduct of his affairs, the making of a home, it may come to pass, and the law so recognizes, that the natural order may be reversed and the will of the parent pass under the dominant will of the child.
 The law does not and cannot define the unnumbered conditions that may bring this about. It is an issue of fact for the jury upon evidence giving rise to a just inference. When it does appear that the child has obtained a general dominance over the parent, and has been active in procuring a will giving a favored position over the other children, the presumption of undue influence arises. The burden is then cast upon proponent. All evidence is admissible which tends to show this altered position of the parties in general, or as relates to the making of the will in particular.
Proponent contends that, because she was raised as a child in her grandfather's home, she should be considered as his child and receive the benefit of the rule that undue influence is not automatically presumed when a child participates in the making of a parent's will. Thus, proponent asserts that the contestants should have been required to prove that the natural dominance of the grandfather over the proponent ceased to exist in order to raise the presumption of undue influence.
In reviewing the record, we find that at no time did the proponent raise this issue before the trial court nor did the proponent object to jury instructions given by the trial court which conflict with her contention that she should be considered the child of the testator. As such, we find that the trial court did not err in failing to treat proponent as the child of the testator.
It is the opinion of this Court that sufficient evidence was presented to support the jury's finding that the proponent exercised a general dominance over her grandfather and that she used this dominance to procure the will. The fact that she typed the will pursuant to his instructions is but one factor to be considered. There was other evidence which showed that the grandfather was advanced in years *Page 927 
and illiterate. The proponent lived with her grandfather for a number of years and helped him conduct his business; she did all of his reading and writing for him as well as the keeping of his business records. Clearly, these circumstances establish the existence of a confidential relationship between the two. The fact that the will typed by the proponent left the bulk of his estate to her, while a will written two years earlier left his estate to his children, could be considered by the jury as evidence of an unnatural disposition of his property as a result of undue influence on the part of the proponent.
In cases of this nature, the verdict of the jury will not be overturned unless shown to be clearly wrong and unjust. Wilsonv. Payton, 251 Ala. 411, 37 So.2d 499 (1948); Watkins v.Yeatman, 189 Ala. 370, 66 So. 707 (1914). The fact that the trial judge refused to grant the proponent's motion for new trial strengthens this presumption in favor of the verdict.Johnson v. Howard, 279 Ala. 16, 181 So.2d 85 (1965). After a careful review of the record, we find that the jury's verdict is not clearly wrong and unjust, and the judgment entered in favor of the contestants is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, JONES, ALMON and EMBRY, JJ. concur.