Appellants contested the will offered for probate by appellee Iris Craft (Iris). The probate court failed to transfer the contest to circuit court upon appellants' request. Because this failure to follow the statutory mandate tainted the further proceedings, we must reverse.
On February 25, 1980, Iris filed for probate a document purporting to be the last will and testament of her deceased aunt, Ollie R. Craft (Ollie), under which Iris was sole beneficiary and executrix.
On May 13, 1980, appellants, Pauline Summerhill and John Craft, sister and brother of Ollie, filed a contest of the will in the probate court, as provided in Code 1975, § 43-1-70. This pleading included a demand that the contest be transferred to circuit court, as provided in Code 1975, § 43-1-78. Nevertheless, the probate court proceeded with a hearing scheduled for May 15, 1980, to probate the will. After this hearing the probate court issued an order whereby the offered document was "declared to be duly proved as the genuine last will and testament of Ollie R. Craft, deceased, and, as such admitted to probate and record. . . ."
On June 4, 1980, appellants filed a complaint in circuit court contesting the will. The complaint was amended to add two nephews of the deceased as contestants.[1] The circuit court ordered the probate court to transfer the file of the case to the circuit court. After the probate court complied, the circuit court held a jury trial on the will contest. Iris's initial method of proving the will was to introduce the probate file; the circuit court overruled appellants' objections and admitted portions of the file. Iris rested her case, but reserved the right to present evidence in rebuttal.
When appellants filed, with their initial pleading, a demand in writing that their contest be transferred to circuit court, the probate court should have transferred the contest. "Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made, and must certify all papers and documents pertaining to the contest to the clerk of the circuit court. . . ." Code 1975, §43-1-78 (emphasis added).
This language is mandatory. Ex parte Stephens, 259 Ala. 361,66 So.2d 901 (1953). "The jurisdiction of the probate court to entertain all proceedings contesting a will is a statutory and limited jurisdiction." Id., at 363, 66 So.2d 901. Because the probate court was required to transfer the contest after the demand to transfer was made, it had no jurisdiction to hold a hearing to probate the will nor to issue its order that the will was duly proved. The order is therefore void.
In the subsequent circuit court proceeding, Iris offered the probate file into evidence in order to prove the will. Appellants objected on the grounds that irrelevant material was included, and the court sustained. Iris then offered the portions of the file including the petitions for probate and letters testamentary, the order signed by the probate judge determining the will to be valid, and documents signed by the witnesses identifying their signatures and verifying the execution of the will, pursuant to their testimony at the hearing. The circuit court overruled appellants' objection that the hearing was void as being beyond the jurisdiction of the probate court, the proper petition for transfer having been filed.
The circuit court erred in admitting this order into evidence. The jury should not have had before it this order stating that the will had been duly proved as the genuine last will and testament of Ollie R. Craft. After Iris rested her case, the appellants proceeded to put on their case to contest the will. Their evidence raised a jury question *Page 1057 
on at least one of the grounds of their contest of the will. Therefore, admission of the probate order into evidence may have influenced the jury in weighing the evidence and prejudiced the appellants' case.
The grounds alleged were (1) revocation, (2) undue influence, and (3) failure to meet the formal requirements of a will. The contestants based their revocation claim on the fact that no will was found among the deceased's possessions. The two nephews added as contestants in the circuit court trial, W.T. Gable and Fred Craft, both testified that their Aunt Ollie had told them she did not have a will. Iris offered the document in question as a duplicate original and explained that her aunt had given it to her to keep about a year after its execution.
If a testatrix keeps one of two duplicate original wills and gives the other to another person, and no will is found in her possession at her death, "the presumption arises that [s]he destroyed it for the purpose of revocation." Stiles v. Brown,380 So.2d 792, 796 (Ala. 1980). This presumption is rebuttable, but the mere fact that a will contestant had access to the will after the testatrix's death is not enough to overcome the presumption. Id.; Lovell v. Lovell, 272 Ala. 409, 132 So.2d 382
(1961).
In Stiles v. Brown, supra, there was evidence that the testator's attorney had told him twice that he would have to destroy both duplicate originals to effectively revoke the will. This evidence, added to the fact that the contestant had access to the will, sufficed to overcome the presumption that the testator had destroyed the will animo revocandi. In the case at bar, Iris put two witnesses on the stand who testified that Ollie had told them shortly before her death that she planned to leave everything to Iris. This, together with the fact that Pauline and John, the appellants, had access to Ollie's safe after she died, would be enough to overcome the presumption of revocation were it not for the conflicting testimony of the two nephews. Their statements that Ollie had said she had no will pertained to about the same period of time as the contrary statements by Iris's witnesses.
Thus, we cannot say as a matter of law that Iris overcame the presumption of revocation raised by the failure to find Ollie's copy of the will. The evidence was certainly sufficient to support the jury verdict, but the contestants were prejudiced by the admission into evidence of the probate order and other portions of the probate record stemming from the hearing mentioned above.
The circuit court granted Iris's motion for directed verdict on the issue of undue influence. Although Iris admitted that she had a confidential relationship with Ollie and that she typed the will, there was no evidence that she exercised any dominance over her aunt. On the contrary, Pauline Summerhill testified when asked whether Iris had exercised undue influence on Ollie that "She couldn't have done anything like that to [Ollie]." To successfully contest a will on the ground of undue influence, one must show dominance as well as a confidential relationship and activity in procuring the will. Smith v.Smith, 384 So.2d 1069 (Ala. 1980). The circuit court committed no error in directing a verdict on this issue.
For the error in admitting the portions of the probate record pertaining to the hearing held after the contest and request for transfer were filed, however, the circuit court judgment must be reversed and the cause remanded for a new trial.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.
[1] These nephews are not named as appellants in this appeal. *Page 1058