The will of Johnnie Mae Brewer Bush was offered for probate by her executrix but was contested by Eugenia Kaller, her granddaughter. Upon motion of James Rigdon, the proponent of the will, the case was transferred to circuit court for jury trial. From a verdict upholding the validity of the will, Kaller appeals. We reverse and remand.
Mrs. Bush died on 29 April 1983. Her will provided legacies for five brothers and sisters and for the children of her deceased brother. The children of her deceased daughter, however, were specifically left out of the will. One of those unprovided-for children was Eugenia Kaller.
Kaller, a minor, acting through her court appointed guardian ad litem, filed a contest to the will on 10 October 1983, the same day the will was submitted for probate. In the ensuing months, the proponent of the will filed several papers relating to the contest, including a consent to appointment of an administrator ad colligendum on 1 November 1983, and a motion to add Kaller's father as a real party in interest on 5 January 1984; however, he never filed a responsive pleading.
On 10 February 1984, the Friday before the case was to be tried on the following Monday in probate court, the proponent filed a motion to transfer the contest to the circuit court. No other pleading or paper was filed with this motion. The probate court granted the motion. At trial, the jury decided the will was valid. Kaller filed a motion to remand to the probate court for lack of jurisdiction. Both motions were denied. This appeal followed.
In Alabama, the statute granting the right of the circuit court to hear will contests, Code 1975, § 43-8-198, reads as follows:
 "Upon the demand of any party to the contest, made in writing at the time of filing the initial pleading, the probate court, or the judge thereof, must enter an order transferring the contest to the circuit court of the county in which the contest is made. . . ."
The jurisdiction conferred on the circuit court by this section of the Code is a statutory and limited jurisdiction. Ex partePearson, 241 Ala. 467, 3 So.2d 5 (1941). Because will contest jurisdiction is statutorily conferred, the procedural requirements of the applicable statute must be complied with exactly. Simpson v. Jones, 460 So.2d 1282 (Ala. 1984). Section43-8-198 mandates that, in order to transfer to the circuit court a valid contest of a will not yet admitted to probate, and thereby to confer proper jurisdiction upon the circuit court, a party must demand transfer at the time he files his initial pleading. Baker v. Bain, 237 Ala. 618, 188 So. 681
(1939).
Although Kaller offers several grounds of error for review, the one dispositive issue in this case is whether a motion to transfer a will contest filed by the proponent of a will without support of a responsive pleading can be regarded as a demand "made at the time of filing [his] initial pleading" for purposes of § 43-8-198. We find that it cannot be so regarded.
Rule 7 (a), ARCP, explains the nature of the term "pleading": "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed." A motion, defined in Rule 7 (b), ARCP, as "an application to the court for an order," is not a pleading. Therefore, although he filed motions and papers with regard to the contest, because the proponent did not file a pleading at the same time he filed the motion to transfer, he did not comply with the procedures mandated by the statute. Since the statute was not exactly complied with, the circuit court lacked jurisdiction to try the contest.
The proponent of a will files a pleading when he files the petition for probate of the will. However, this pleading *Page 539 
cannot serve as a proponent's "initial pleading" for purposes of § 43-8-198. Were it to be so regarded, a proponent would never have an opportunity to transfer a will contest, since at the time he files a petition for probate no will contest has yet been filed. This court has held there must be a valid will contest pending in the probate court before the probate judge can transfer the contest to the circuit court. Nottage v.Jones, 388 So.2d 923 (Ala. 1980). But § 43-8-198 states that a will contest must be transferred upon timely demand of anyparty to the contest; clearly, the legislature did not intend to deprive the proponent of a will the same opportunity to demand transfer of a will contest as that given to the contestant of a will. Logically then, the "initial pleading" for the proponent of a will must be the first responsive pleading after a will contest has been filed.
The "initial pleading" for the contestant in a will contest is the filing of the contest itself in the probate court. SeeSummerhill v. Craft, 425 So.2d 1055 (Ala. 1982). This initial pleading is in the nature of a complaint. Hence, the proponent of a will must file an answer as his responsive pleading to that complaint. Since this is his initial pleading in the will contest, a proponent can only make a motion to transfer when he files an answer. In the instant case, the proponent did not file an answer; his motion to transfer should have been denied.
The proponent in the instant case, citing Thigpen v. Walker,251 Ala. 426, 37 So.2d 923 (1948), contends this court has held only one requirement necessary to endow a circuit court with jurisdiction over a will contest, that being the requirement of a pending valid will contest in the probate court.
But Thigpen does not stand for this proposition. A pending will contest is a basic requirement for circuit court jurisdiction, but it is not the only requirement. Section43-8-198 is a jurisdiction statute, and its writ must be followed to the letter. Simpson v. Jones, supra.
Another argument made by the proponent is that § 43-8-198
requires the following interpretation: if a motion to transfer is filed with the initial pleading, then the probate court must transfer the case; but the probate court on its own initiative or at the request of a party may transfer the case at any later time.
We find no merit in this argument. The jurisdiction of both the probate court and the circuit court over will contests is statutory and limited. Ex parte Stephens, 259 Ala. 361,66 So.2d 901 (1953). The only jurisdiction a court can take over such cases is that granted by statute. A court cannot depart from the procedures delineated in the statute and still retain jurisdiction. As § 43-8-198 provides for transfer only upon demand made in writing by a party at the time he files his initial pleading, this is the procedure which must be followed. The language of the statute is mandatory. Summerhill v. Craft,supra, at 1056.
Finally, the proponent argues that because no objection was made to the transfer until after the jury verdict, Kaller waived any objection to the transfer. Again, proponent's argument fails to persuade; a circuit court's lack of jurisdiction over a will contest can be raised at any time.Forrester v. Putman, 409 So.2d 773 (Ala. 1981).
In conclusion, we find the circuit court lacked jurisdiction over the instant case because the proponent of the will failed to file his motion to transfer at the time of filing his initial pleading. Consequently, the jury verdict sustaining the validity of the will is void. We reverse the judgment below and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and FAULKNER and ALMON, JJ., concur.
ADAMS, J., concurs in result. *Page 540