Appeal by Judy Bullen, executrix of the estate of Lois Brown, deceased, and by Eulalia Brown, widow of Lois Brown, from a judgment entered upon a jury verdict in favor of the contestants of a document offered as Lois Brown's last will. We reverse and remand.
Brown died on April 16, 1986. On that date Judy Bullen filed in the probate court a petition for probate of the will, and the next day, April 17, 1986, she filed her petition for letters testamentary. Her letters were granted on May 2, 1986, and the will was admitted to probate on that date. *Page 77 
Apparently a hearing was set in the probate court for May 29, 1986, and then postponed until June 23, 1986. On May 30, 1986, notices of the hearing set for June 23, 1986, were sent by certified mail to the heirs of Lois Brown, i.e., Linda Brewer, Gene Brown, and Mary Hall. That hearing, likewise, appears to have been postponed until August 6, 1986. The record does not reflect whether or not any notices of the new hearing date were sent to the above-named heirs. However, it is clear that they did know of that date because, on July 25, 1986, they filed in the probate court a motion for a continuance containing the following grounds:
 "1. That said heirs of Lois Brown have employed the services of one Lamar Miller as an expert to analyze the handwriting on the purported Will. That said expert has requested further time in which to examine the documents, more particularly requesting to review and see the original Will. And that said examination cannot be completed by August 6, 1986.
 "2. That the crucial issue in this case is the validity of the Will and said heirs are hereby requesting the Court's indulgence in extending the time in which to have the handwriting expert further examine the contested document." (Emphasis added.)
Bullen filed an answer in opposition to that request, asserting that one postponement had already been accorded for the same purpose, and that a further continuance would work a hardship on the widow. The motion for a continuance was denied by the probate court on August 6, 1986. However, in the meantime, the above named heirs of Lois Brown, pursuant to Code of 1975, § 12-11-41, petitioned the probate court, and apparently the circuit court as well, for the removal of the estate on the ground that "the said estate can best be administered in the Circuit Court." See §12-11-41. The circuit court, on August 5, 1986, ordered the removal, and on August 12, 1986, the probate court entered an order removing the estate to circuit court.
Then on December 15, 1986, Bullen, the executrix, moved the circuit court to set a hearing, citing as grounds the prior postponements and the resulting hardships sustained by the widow. Thereupon the circuit court set a scheduling conference for January 21, 1987. The ensuing order from that conference required that motions be filed on or before May 1, 1987, and set the trial date as May 11, 1987.
On April 22, 1987, the heirs of Lois Brown filed an amendment to their petition for removal by adding the following:
 "Said Petitioners further allege that they are contesting the probate of the purported will of Lois Brown and allege that at the time of the execution of said will that Lois Brown was unsound of mind and incapable of duly executing said will and any execution thereof was the result of undue influence and that said signature is not that of Lois Brown.
 "WHEREFORE, said Petitioners pray that this Honorable Court deny the admission to probate the will of Lois Brown and for such other different and further relief to which they in these premises have shown themselves to be entitled."
A later amendment to the "complaint" added this paragraph: "That the source of the undue influence on said Lois Brown was his wife, Eulalia Brown who overpowered the true wishes and desires of said Lois Brown."
Following the filing of that amendment, Bullen, the executrix, filed her motion to dismiss. Because the contents of that motion postulate the position of the proponents-appellants on this appeal, the pertinent parts of that motion are quoted below:
 "This action was filed in the Probate Court of Franklin County, Alabama on August 6, 1986. A copy of Letters Testamentary is attached hereto as Exhibit 'A' and incorporated by reference.
". . . .
"No Complaint was filed in this cause.
". . . .
 "On August 4, 1986, Gene Brown, Linda Brewer and Mary Hall, children and heirs at law of Lois Brown, deceased, by and through their attorney of record, *Page 78 
filed a petition to remove this action to the Circuit Court of Franklin County, Alabama. A copy of said petition is attached hereto as Exhibit 'B' and incorporated by reference.
". . . .
 "On April 21 [sic], 1987, Linda Brewer, Gene Brown and Mary Hall filed an Amendment to Petition for removal to Circuit Court in an attempt to state a cause of action in said Petition.
". . . .
 "More than six (6) months had elapsed following the Petition for Letters Testamentary without the filing of a Complaint in this action.
". . . .
 "Under Section 43-8-199, Code of Alabama, a Complaint must be filed within six (6) months after the admission of such will to probate. Ex Parte Pearson, [241 Ala. 467, 3 So.2d 5 (1941)]. As of this date, no Complaint has been filed.
 "WHEREFORE, premises considered, Judy Bullen, Executrix of the Estate of Lois Brown, Deceased, moves the Court to dismiss this action."
That motion was overruled, and the case proceeded to trial to a jury. A first trial resulted in a mistrial. A second trial resulted in a jury verdict finding against the will. Judgment was entered accordingly. No post-judgment motions were filed.
The controlling issue presented to us is whether or not the circuit court erred in overruling the proponents' motion to dismiss. We find that it did err.
The contestants-appellees contend that when they filed their motion for a continuance, quoted above, they "initially pled " in the probate court in accord with the Rules of Civil Procedure, and thus that the proponents were aware that a challenge of the will had been made.
Jurisdiction to entertain a will contest is conferred upon both the probate courts and the circuit courts by statute.Forrester v. Putman, 409 So.2d 773 (Ala. 1981).
If a will has been probated, one who has not therefore contested it may do so within six months after it has been probated by filing a complaint in circuit
court under § 43-8-199:
 "Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."
It is clear that will contest jurisdiction, being statutorily conferred, must comply with the statutory language strictly in order to quicken jurisdiction of the appropriate court.Kaller v. Rigdon, 480 So.2d 536 (Ala. 1985); ExParte Stephens, 259 Ala. 361, 66 So.2d 901 (1953).
How is a will contested under § 43-8-199? Construing a substantially similar predecessor to this statute, this Court stated in Barksdale v. Davis, 114 Ala. 623,22 So. 17 (1897) (overruled on other grounds, Alexander v.Gibson, 176 Ala. 258, 57 So. 760 (1912)):
 "It is manifest that these provisions [present § 43-8-190 and present § 43-8-199] were introduced to change the policy of the law obtaining prior to their adoption, by requiring the contestant, by written procedure, to set forth the grounds upon which he expects to contest the validity of the proposed will, and to confine the trial, after proof of the due execution of the will, to the issues which his allegations tender. The purpose of the change was that which underlies the law of pleading generally, — that the parties may be certainly advised of the issues to be tried, and the court enabled to proceed intelligently in adjudicating their rights. . . .
 "Upon a contest of a will, when fraud or undue influence is relied upon, the burden is upon the contestant to prove it. The opposite party is only required to prove the due execution of the will according to the statute. It is as essential, therefore, that such party be informed, by distinct averments, of the facts constituting the fraud or undue influence, so as to be prepared to meet them, as *Page 79 that such information be so given to any party in any judicial proceeding; hence there can be no well-founded reason for holding that the legislature intended, when it required that the contest be in writing, and set forth the grounds relied on, that only a general statement of such grounds, conveying to the opposite party practically no information of value to him in the preparation of his cause, should be sufficient."
(Emphasis added.) 114 Ala. at 629-30, 22 So. at 19. InKaller, 480 So.2d at 538-39, this Court discussed the requirements under § 43-8-198 for a "demand" for a transfer at the time the contestant files his initial "pleading." That discussion is pertinent here:
 "Rule 7(a), ARCP, explains the nature of the term 'pleading': 'There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed.' A motion, defined in Rule 7(b), ARCP, as 'an application to the court for an order,' is not a pleading.
Therefore, although he filed motions and papers with regard to the contest, because the proponent did not file a pleading at the same time he filed the motion to transfer, he did not comply with the procedures mandated by the statute. Since the statute was not exactly complied with, the circuit court lacked jurisdiction to try the contest.
 "The proponent of a will files a pleading when he files the petition for probate of the will. However, this pleading cannot serve as a proponent's 'initial pleading' for purposes of § 43-8-198. Were it to be so regarded, a proponent would never have an opportunity to transfer a will contest, since at the time he files a petition for probate no will contest has yet been filed. This court has held there must be a valid will contest pending in the probate court before the probate judge can transfer the contest to the circuit court. Nottage v. Jones, 388 So.2d 923 (Ala. 1980). But § 43-8-198 states that a will contest must be transferred upon timely demand of any party to the contest; clearly, the legislature did not intend to deprive the proponent of a will the same opportunity to demand transfer of a will contest as that given to the contestant of a will. Logically then, the 'initial pleading' for the proponent of a will must be the first responsive pleading after a will contest has been filed.
 "The 'initial pleading' for the contestant in a will contest is the filing of the contest itself in the probate court. See Summerhill v. Craft, 425 So.2d 1055 (Ala. 1982). This initial pleading is in the nature of a complaint. Hence, the proponent of a will must file an answer as his responsive pleading to that complaint. Since this is his initial pleading in the will contest, a proponent can only make a motion to transfer when he files an answer. In the instant case, the proponent did not file an answer; his motion to transfer should have been denied." (Emphasis added.)
These requirements for a pleading in the nature of a complaint in a will contest under §43-8-198 find additional support in Simpson v.Jones, 460 So.2d 1282, 1284-85 (Ala. 1984), which discussed the requirements for bringing a will contest under § 43-8-199:
 "We recognize that § 43-8-199 was enacted to provide an additional opportunity for contesting a will already admitted to probate. Carter v. Davis, 275 Ala. 250, 154 So.2d 9 (1963). Furthermore, the dismissal of a complaint is not proper if the pleading contains 'even a generalized statement of facts which will support a claim for relief under ARCP 8' (Dunson v. Friedlander Realty, 369 So.2d 792, 796 (Ala. 1979), because '[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure.' Crawford v. Crawford, 349 So.2d 65, 66
(Ala.Civ.App. *Page 80 
1977). See, also, Schlagenhauf v. Holder, 379 U.S. 104, 121, 85 S.Ct. 234, 244, 13 L.Ed.2d 152 (1964).
 "We cannot, however, ignore the ultimate goal of pleadings under the Alabama Rules of Civil Procedure: to provide fair notice to adverse parties of the claim against them and the grounds upon which it rests. Dempsey v. Denman, 442 So.2d 63 (Ala. 1983); Carter v. Calhoun County Board of Education, 345 So.2d 1351 (Ala. 1977). The liberality with which the Rules are construed, then, must be balanced against the requisites of fair notice to adverse parties and strict adherence to statutorily prescribed procedures.
 "Commencement of an action under § 43-8-199, then, is the commencement of a statutory, adversarial proceeding. Simpson's pleading did not comply with the requirements of § 43-8-199, nor did it initiate a contest in an adversarial posture. Therefore, the filing of that document, first with the probate court and then with the circuit court, did not operate to toll the running of the six-months statute of limitations.
 "While defects in the form of a pleading may be remedied by amendment, the deficiencies in Simpson's 'contest' document go beyond mere form. Nowhere in Simpson's initial pleading do we find allegations of the substantive material required by § 43-8-199; i.e., that Simpson had an interest in Miss Simpson's will; that Simpson had not theretofore contested the will under other provisions of the article; that Miss Simpson's will had been previously admitted to probate in Alabama; or that Simpson's pleading was a complaint filed within six months of the probate of the will to be contested.
 "Further, in his 'contest' pleading, Simpson failed to name adverse parties — either actual or fictitious — upon whom service could have been made, informing them of the action pending against them. This is tantamount to an express direction to the clerk of the circuit court to withhold service of process, which, we have held, is an indication of the absence of a bona fide intention of immediate service, without which there could not have been the valid filing of Simpson's pleading. Hence, the statute of limitations was not tolled. Ward v. Saben Appliance Co., 391 So.2d 1030 (Ala. 1980)." (Emphasis added.)
Now in this case the heirs filed a motion for a continuance in order to have an expert examine the purported signature of the testator. True, they stated in the motion that "the crucial issue . . . is the validity of the will." Nevertheless, they did not attack the validity of the signature in that motion, nor did they in any other manner attack the validity of the will. They simply expressed a desire for a delay in the hearing to be held after the will had been probated. Thus, there was no contest of the will in the probate court when the heirs petitioned the circuit court on August 4, 1986, for the removal of the estate to circuit court on the ground that it "can best be administered" in that court, and the petition for removal itself was not a complaint. Neither the motion for a continuance nor the petition for transfer constituted a complaint, and thus, if § 43-8-199 was thought to authorize the heirs' action, nothing had been filed to toll the operation of the six-month limitation under that statute. If, on the other hand, §§43-8-190 and -198, were thought by the heirs to be applicable, no initial pleading in the form of a contest was made as required by statute.
Indeed, it was not until April 22, 1987, that the heirs alleged any grounds for contesting the will. They did this by amending their petition for removal, more than eleven months after the letters testamentary had been granted. But, as we have shown, there was no contest to amend, there having been no pleading filed as required by statute. Kaller;Simpson; Barksdale, supra. Hence, the statute of limitations contained in § 43-8-199 had run before the heirs' complaint was filed.
For these reasons, the judgment of the circuit court must be, and it hereby is, reversed, and a judgment rendered for the proponents. *Page 81 
REVERSED AND JUDGMENT RENDERED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.