LYONS, Justice.
 

 Debra S. Jean appeals from a summary judgment entered in favor of Derek P. Jean and the estate of George T. Jean on Debra’s claims alleging breach of contract and negligence. We dismiss the appeal.
 

 Procedural History
 

 George T. Jean was father to three adult children: Debra, Derek, and Sheryl. In December 2006, George revised his will and executed separate deeds conveying certain real property to Derek. George died in January 2007; his will was filed with the Montgomery Probate Court on March 9, 2007. In April 2007, Debra filed a contest of the will pursuant to § 43-8-190, Ala.Code 1975.
 
 [1]
 
 She asserted that George lacked capacity to make the will and that the will was the product of undue influence or fraud. The contest was transferred to the Montgomery Circuit Court pursuant to § 43-8-198, Ala.Code 1975.
 

 In December 2007, Debra amended her contest to request a judgment declaring that the December 2006 inter vivos conveyances from George to Derek were void. Debra asserted that George lacked capacity to make the conveyances and that they were the product of undue influence or fraud. On March 19, 2008, Debra amended her contest again to assert claims of breach of contract and negligence against “the estate”
 
 [2]
 
 and Derek. Debra alleged
 
 *1276
 
 that, during his lifetime, George had hired Derek to renovate part of her house in exchange for the transfer of certain real property, “monies, and other chattel.” Debra alleged that she was a third-party beneficiary of the contract between George and Derek and that Derek had breached the contract by failing to complete the work, thus leaving her house in an incomplete and unsafe condition. Debra also alleged that Derek and George owed a duty “to perform ... in a workmanlike manner once they undertook such an endeavor,” that they failed to do so, and that, as a result, she suffered actual damage and emotional distress.
 

 Derek and the estate answered and subsequently moved for a summary judgment on the breach-of-contract and negligence claims. Debra responded to the motion. Ultimately, Debra stated additional claims against Derek and against her sister, Sheryl; Derek and the estate
 
 [3]
 
 filed counterclaims seeking to recover money George had loaned Debra. No party objected to the amended claims and counterclaims as being beyond the limited jurisdiction of a court hearing a will contest.
 

 On April 15, 2009, the trial court entered a summary judgment in favor of Derek and the estate as to the breach-of-contract and negligence claims described above. The trial court concluded that the breach-of-contract claim was barred by the Statute of Frauds and that the negligence claim was barred by the applicable statute of limitations. The trial court reserved ruling on several other claims but certified its April 15, 2009, order as final pursuant to Rule 54(b), Ala. R. Civ. P. Debra appealed.
 

 Analysis
 

 This Court has stated: “[A] circuit court’s lack of jurisdiction over a will contest can be raised at any time.”
 
 Kaller v. Rigdon,
 
 480 So.2d 536, 539 (Ala.1985). “The jurisdiction of both the probate court and the circuit court over will contests is statutory and limited.... The only jurisdiction a court can take over such cases is that granted by statute.”
 
 Kaller,
 
 480 So.2d at 539. Furthermore, “[b]ecause will contest jurisdiction is statutorily conferred, the procedural requirements of the applicable statute must be complied with exactly.”
 
 Kaller,
 
 480 So.2d at 538. See also
 
 Newman v. Savas,
 
 878 So.2d 1147, 1149 (Ala.2003).
 

 Debra initiated this proceeding as a will contest in the Montgomery Probate Court, seeking to prevent the issuance of letters
 
 testamentary to the executor
 
 named in the will; the contest was transferred to the Montgomery Circuit Court pursuant to § 43-8-198, Ala.Code 1975. That section provides, in pertinent part: “The issues must be made up in the circuit court as if the trial were to be had in the probate court.” In describing the issues permissible
 
 in the probate court
 
 in an action regarding the contest of a will, § 43-8-190, Ala.Code 1975, provides that the person bringing the contest may do so
 

 “by filing in the court where it is offered for probate allegations in -writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto;
 
 *1277
 
 and thereupon an issue must be made up, under the direction of the court....”
 

 Regarding § 43-1-78, Ala.Code 1975, the predecessor to § 43-8-198, this Court in
 
 Bardin v. Jones,
 
 371 So.2d 23, 25 (Ala. 1979), considered whether “a Rule 15, [Ala. R. Civ. P.,] amendment or similar addition to the pleadings is permissible in the circuit court.” In explaining that such pleadings were permissible in limited circumstances, this Court explained:
 

 “ ‘The jurisdiction and authority of the circuit court is limited to the trial of the issues presented by the contest after which the case must be certified back to the probate court.’
 

 “[Thigpen v. Walker,
 
 251 Ala. 426, 429, 37 So.2d 923, 926 (1948).]
 

 “From the above-cited authorities it is clear that the probate court prior to transfer could allow additional issues to be presented to it in accordance with the Rules of Civil Procedure,
 
 so long as those issues could properly be raised in a will contest
 
 .... In short we now hold that the circuit court following transfer of a will contest to it under § 43-1-78 [now § 43-8-198] can consider any issues presented in an appropriate pleading under the Rules of Civil Procedure,
 
 provided those issues can properly be raised in a will contest”
 

 371 So.2d at 26 (emphasis added).
 

 Debra’s claim for a judgment declaring the inter vivos deeds from George to Derek void and her claims against Derek and the estate seeking damages for breach of contract and negligence are not claims that could be asserted in a contest of George’s will, where the issues are limited to the unsoundness of his mind in making the will or any other valid objection to the will. See § 43-8-190. Based on the limited jurisdiction of the probate court in actions involving the contest of a will, see § 43-8-190, and the corresponding restriction in § 43-8-198 that the “issues must be made up in the circuit court as if the trial were to be had in the probate court,” we sua sponte conclude that the trial court lacked subject-matter jurisdiction to consider those claims. Any action taken by a trial court without subject-matter jurisdiction is void.
 
 State v. Property at 2018 Rainbow Drive,
 
 740 So.2d 1025, 1029 (Ala. 1999). Accordingly, the summary judgment for Derek and the estate on the breach-of-contract and negligence claims was void. Because “a void order or judgment will not support an appeal,”
 
 Gallagher Bassett Servs., Inc. v. Phillips,
 
 991 So.2d 697, 701 (Ala.2008), we dismiss the appeal.
 

 APPEAL DISMISSED.
 

 COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
 

 [1]
 

 . The pleadings filed in the probate court are not included in the record on appeal.
 

 [2]
 

 . Because this contest was filed before probate of the will, no letters testamentary had been issued to the executor named in the will. Nor does the record reflect the appointment of an administrator ad litem to represent the estate in the amended contest asserting Debra’s claims adverse to the estate. See Ala. Code 1975, § 43-2-250 ("When, in any proceeding in any court, the estate of a deceased person must be represented, and there is no executor or administrator of such estate, or he is interested adversely thereto, it shall be the duty of the court to appoint an administrator ad litem of such estate for the particular proceeding, without bond, whenever the facts rendering such appointment necessary shall appear in the record of such case or shall be made known to the court by the affidavit of any person interested therein.”).
 

 [3]
 

 . The record does not reflect the naming of an administrator ad colligendum to pursue claims on behalf of the estate before the issuance of letters testamentary. See Ala.Code 1975, § 43-2-47(a) (“The judge of probate may, in any contest respecting the validity of a will, or for the purpose of collecting the goods of a deceased, or in any other case in which it is necessary, appoint a special administrator, authorizing the collection and preservation by him of the goods of the deceased until letters testamentary or of administration have been duly issued.”).