MOORE, Judge.
 

 Jessie Mae Witcher Stone appeals from a judgment of the Montgomery Circuit Court (“the circuit court”) dismissing her contest of the will of Eloise Witcher upon the motion of Ed Parish, Jr., as administrator of the estate of Eloise Witcher (“the estate”). We reverse.
 

 Procedural History
 

 On December 16, 2009, Stone filed a will contest in the circuit court, stating, in pertinent part:
 

 “1. ... Stone, is the daughter of ... Witcher. As the daughter of ... Witch-er, she is an heir to her estate. That document styled Last Will and Testament of ... Witcher dated the 9th day of January, 2004, was probated by the Probate Court of Montgomery County, Alabama, case no. 07-00737.
 

 “2. Said Will should not have been probated as it was not duly executed by [Witcher] when she was of sound mind or had mental capacity to make a testamentary disposition of her property. Furthermore, such Will was the product of mistake, undue influence and fraud and was not executed in accordance with the laws of the State of Alabama.
 

 “3. ... Stone files this written demand contesting said Will and execution of the estate and requests the Circuit Court of Montgomery County, Alabama, take jurisdiction of this matter and that all issues be settled therein in accordance with law.
 

 “4. ... Stone demands that the issues herein be tried by a jury in accordance with the law.
 

 “WHEREFORE, [Stone] requests relief as follows:
 

 “1. An Order transferring the contest of the Last Will and Testament of ... Witcher to the Circuit Court of Montgomery County, Alabama; and,
 

 “2. Any such other, further and different relief as may be appropriate under the circumstances.”
 

 On October 1, 2010, the estate filed a motion to dismiss the will contest, stating:
 

 “Procedural Background
 

 “On April 21, 2009, a Petition for Probate of Will and Letters of Administration with Will Annexed was filed in the Probate Court of Montgomery County, Alabama. Two waivers were attached to the petition. The waivers were signed by two (2) of [Witcher’s] nine (9) children. On April 23, 2009, the Honorable Reese McKinney issued an order setting the petition for hearing on June 16, 2009.
 

 “A formal hearing was held on June 16, 2009, with proper notice given to all interested parties. The seven (7) remaining children were served personally or by certified mail. Each witness on the hearing date gave direct testimony and was cross-examined. After all the testimony was taken the Honorable Reese McKinney issued Letters of Ad
 
 *422
 
 ministration with the Will Annexed to Ed Parish, Jr.
 

 “Thereafter, an inventory was filed on August 11, 2009, in the probate court of Montgomery County, Alabama. On December 16, 2009, a second will contest action was filed in the circuit court of Montgomery County, Alabama. This action was filed by ... Stone, who was present at the hearing held on June 16, 2009, before Judge Reese McKinney. [Witcher’s] will was contested on the grounds it was not properly executed. This matter was set for trial on October 4, 2010, before the Honorable Eugene Reese.”
 

 “ARGUMENT
 

 [[Image here]]
 

 “Under current Alabama law, ‘Appeals to the circuit court in such cases shall be within the time hereinafter specified: from the decree, judgment or order on a contest as to the validity of a will, to be taken within 42 days after the determination of the contest;’ Ala. Code 1975, § 12-22-21(1). This statute required [Stone] to appeal the decision rendered by the Honorable Reese McKinney by [July] 28, 20[09]. Clearly [Stone’s] will contest action was not filed in a timely manner as required by law. If a contestant wishes to appeal a probate judgment to the circuit court, the contestant must file[ ] his or her appeal within the time frame set forth in Section 12-22-21. This action must have been filed within 42 days of the probate court’s decree regarding the validity of the will.
 

 “Because the action was not timely filed in the present case, this Honorable Court never acquired subject-matter jurisdiction. ‘When the absence of subject-matter jurisdiction is noticed by, or pointed out to, the trial court, that court has no jurisdiction to entertain further motions or pleadings in the case. It can do nothing but dismiss the action forthwith.’
 
 Cadle Company v. Shabani,
 
 4 So.3d 460, 463 (Ala.2008).
 

 “Based on the foregoing, [the estate] respectfully requests] this motion to dismiss be GRANTED with prejudice.”
 

 On October 1, 2010, Stone filed a response to the estate’s motion to dismiss, stating;
 

 “1. The [estate] moves to dismiss [Stone’s] Petition for Will contest on the basis that the Court lacks subject-matter jurisdiction. [The estate’s] argument is that the Probate Court for Montgomery County, Alabama held a hearing in this matter on the merits on or about June 16, 20[09], and at that hearing [Stone] and some of her siblings argued that the Last Will and Testament of ... Witcher that was filed for probate with the Probate Court should be ruled invalid. He argues that [Stone’s] argument below was substantially the same as is set forth in her Petition that is now pending before this Court.
 

 “2. Counsel for [Stone] did not represent [Stone] in the Probate Court below. However, based upon information and belief, there was a hearing before the Probate Court as alleged by the [estate]. At that hearing, [Stone] and some other siblings argued that ... Witcher was not of sound mind when she executed the Will that was admitted into probate. In addition, [Stone] and some other siblings argued that Saketo Witcher used undue influence on [Witch-er] to get her to execute the Will in question. In opposition to this it appears that James Wilson, Esquire, the preparer of the Will in question, testified at length as to the preparation of the Will and the circumstances of its execu
 
 *423
 
 tion by [Witcher], Saketo Witcher also testified in response to the allegation that he had used undue influence, denying all allegations of wrongdoing.
 

 “3. Code of Alabama 1975, § 43-8-199 provides, in pertinent part, that any person interested in any will who has not contested the same under the provisions of this article, may ... contest the validity of the will in the circuit court in the county in which such will was probated. The [estate] argues that [Stone] already contested the Will below and should not be allowed ‘two bites at the apple.’ [The estate] argues that [Stone’s] only remedy below was to file an appeal to the Circuit Court or to the Supreme Court of Alabama within 42 days of the issuance of the Probate Court’s Order admitting the Will to Probate on June 16, 2009 pursuant to Code of Alabama 1975, § 12-22-21.
 

 “4. The question before the Court is whether the hearing below constituted a bar to the institution of the will contest pursuant to § 43-8-199. Although the parties were the same and the issues were the same and the Probate Court had jurisdiction to hear a ‘will contest,’ [Stone] argues that the case below was not truly a ‘will contest.’ [Stone] did not formally request that the Probate Court hear a “will contest.’ It appears that the hearing before the Court ‘turned into’ a ‘will contest’ and that the Probate Court allowed argument ‘contesting’ the will without objection from either party. There is apparently no recording of the hearing below. [Stone] did not have an attorney and does not believe that the hearing below should be considered a ‘will contest,’ thus barring her from proceeding in the Circuit Court in the instant action.”
 

 On October 4, 2010, the circuit court entered a judgment dismissing the will contest. On November 15, 2010, Stone filed her notice of appeal to the Alabama Supreme Court; that court transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 Standard of Review
 

 “ ‘A ruling on a motion to dismiss is reviewed without a presumption of correctness.
 
 Nance v. Matthews,
 
 622 So.2d 297, 299 (Ala.1993). This Court must accept the allegations of the complaint as true.
 
 Creola Land Dev., Inc. v. Bentbrooke Housing, L.L.C.,
 
 828 So.2d 285, 288 (Ala.2002). Furthermore, in reviewing a ruling on a motion to dismiss we will not consider whether the pleader will ultimately prevail but whether the pleader may possibly prevail.
 
 Nance,
 
 622 So.2d at 299.’
 

 “Newman v. Savas,
 
 878 So.2d 1147, 1148-49 (Ala.2003). Questions of law are reviewed de novo.
 
 Christian v. Murray,
 
 915 So.2d 23, 25 (Ala.2005) (citing
 
 State v. American Tobacco Co.,
 
 772 So.2d 417, 419 (Ala.2000));
 
 Ex parte Graham,,
 
 702 So.2d 1215, 1221 (Ala.1997); and
 
 Beavers v. County of Walker,
 
 645 So.2d 1365, 1372 (Ala.1994).”
 

 Queen v. Harden,
 
 924 So.2d 712, 714 (Ala. Civ.App.2005).
 

 Discussion
 

 On appeal, Stone argues that the circuit court erred in dismissing her will contest. Specifically, she argues that no will contest had been filed “in writing” in the probate court pursuant to § 43-8-190, Ala.Code 1975, and, thus, that the circuit court had jurisdiction over the will contest pursuant to § 43-8-199, Ala.Code 1975.
 

 “In Alabama a will may be contested in two ways: (1) before probate, a contest may be instituted in the probate court pursuant to Ala.Code 1975, § 43-8-190; or (2) after probate and within six
 
 *424
 
 months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated, pursuant to Ala.Code 1975, § 43-8-199.
 
 Stevens v. Gary,
 
 565 So.2d 73 (Ala.1990). In order to contest a will under either of these methods, the contestant must strictly comply with the statutory language in order to quicken jurisdiction of the appropriate court.
 
 Bullen v. Brown,
 
 535 So.2d 76 (Ala. 1988).”
 

 Boshell v. Lay,
 
 596 So.2d 581, 583 (Ala.1992). Section 43-8-199 provides:
 

 “Any person interested in any will who has not contested the same under the provisions of this article, may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated.”
 

 In the present case, the estate filed a motion to dismiss arguing that Stone had failed to appeal from the probate court’s judgment admitting the will to probate. As noted in
 
 Boshell, swpra,
 
 however, Stone had a statutory right to file an original will contest in the circuit court provided that she strictly complied with the requirements set forth in § 43-8-199. In its motion to dismiss, the estate did not argue that Stone had failed to comply with § 43-8-199 other than to make a vague reference to Stone’s December 16, 2009, will contest as a “second will contest.” We note that the estate did not argue that Stone had actually contested the will in the probate court, nor did it provide any proof that Stone had, in fact, filed a will contest in the probate court.
 
 [1]
 

 Without the benefit of any specific argument or supporting evidence indicating that Stone had previously contested the will in the probate court, we conclude that the circuit court erred in dismissing Stone’s will contest.
 
 See, e.g., Jeannie’s Grocery v. Baldwin County Elec. Membership Corp.,
 
 331 So.2d 665, 667 (Ala.1976) (holding that dismissal for lack of subject-matter jurisdiction was premature when doing so required speculation, because there were no facts available other than those set forth in the complaint).
 

 Accordingly, we reverse the judgment of the circuit court and remand this cause for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . We note that, in her response to the motion to dismiss, Stone affirmatively stated that she had not filed a will contest in the probate court.