ON REHEARING EX MERO MOTU
This Court's opinion of March 9, 1990, is withdrawn and the following is substituted therefor:
Plaintiffs — Frederick H. Stevens, Ray G. Stevens, Thomas G. Stevens, Guice Stevens, and Elizabeth Stevens Barnes, all of whom are the brothers and sister of L.M. Stevens, Jr., deceased — appeal from a dismissal of their action contesting the will of Ada C. Stevens, who had been the widow of L.M. Stevens, Jr.
L.M. Stevens, Jr., had died intestate on January 17, 1982, leaving a widow but no lineal descendants. Ada C. Stevens died testate in Conecuh County, Alabama, on October 4, 1987. The petition for probate and the will were filed in the probate court on October 22, 1987. On December 7, 1987, the court admitted the will to probate and granted letters testamentary to Louise Gary, the sole beneficiary under the will. On that same date, the plaintiffs filed in the probate court a document that read in pertinent part:
 "Re: Probate of Will of Ada C. Stevens, also known as Mrs. L.M. Stevens, Jr.
 "The siblings of L.M. Stevens, Jr., hereby file notice of contest of the probate of the Will of Ada C. Stevens, aka, Mrs. L.M. Stevens, Jr., insofar as this Will transmits title to any real property on the grounds that testator did not have title or ownership or any rights to inheritance of any real property and therefore cannot transmit.
 "Testator's husband, L.M. Stevens, Jr., predeceased her . . . and he died intestate.
 "L.M. Stevens, Jr., died before 1-1-83 and therefore died under the old Probate Code.
 "In Alabama the laws of intestate succession in effect on date of the decedent's, L.M. Stevens, Jr.'s, death are controlling.
 "Authority: Stallworth v. Hicks 434 So.2d 229
(Ala. 1983)
"Page 1 of 2 pages
"Filed 12-7-87
"Frank T. Salter"
Louise Gary, appellee and the executor of the will, contends that she did not become aware of the filing of the notice of contest until July 1988, at which time she filed a petition for removal of the estate from the probate court to the circuit court. The cause was removed on August 4, 1988. Subsequently, the circuit court granted Gary's motion to dismiss the contest.
In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Code of Alabama 1975, before probate, the contest may be instituted in the probate court or (2) under § 43-8-199, Code of Alabama 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated.
Under either § 43-8-190 or § 43-8-199, an action to contest a will can be brought only by a person interested in the will or by any person who, had the testator died intestate, would have shared in the estate.
The appellants held as tenants in common with their brother, L.M. Stevens, Jr., a large city lot. In its order, the trial court found that the entire estate of L.M. Stevens, Jr., both real and personal, descended to his widow, Ada C. Stevens, pursuant to § 43-3-1(1), Code 1975 (repealed effective January 1, 1983) (see Act 80-764, Ala. Acts 1980). The appellants assert standing to contest the will of Ada C. Stevens based on their status as tenants in common with Ada C. Stevens as the successor to her husband's interest.
In the case of Allen v. Pugh, 206 Ala. 10, 89 So. 470 (1921), the Court, in reviewing the right to contest a will, construed the clause "any person interested in any will" to embrace any person who has an interest in the estate disposed of that would be conserved by defeating the probate of the will or jeopardized or impaired by its establishment.
In Braasch v. Worthington, 191 Ala. 210, 213-14, 67 So. 1003
(1915), the Court *Page 75 
stated: "A contestant of a will must have some direct legal or equitable interest in the decedent's estate, in privity with him, whether as heir, purchaser, or beneficiary under another will, which would be destroyed or injuriously affected by the establishment of the contested will."
The appellants assert standing based on a tenancy in common with Ada C. Stevens in the city lot. They are not the heirs of Ada C. Stevens, nor are they purchasers or beneficiaries under any other will. The appellants have failed to produce any evidence to indicate that they have an interest that would entitle them to contest Ada C. Stevens's will. Their interest in the real estate will not be defeated, destroyed, or injuriously affected by the establishment of the contested will.
Next, the appellees contend that the document giving notice of the contest was not filed in the probate court before Ada C. Stevens's will was admitted to probate and thus that the contest was not timely and did not meet the procedural requirements of § 43-8-190. However, because we have found that the appellants lack standing to contest the will, we do not make a determination on the timeliness issue.
Based on the reasons stated, the dismissal was proper.
The motion to dismiss the appeal and the motion for damages and/or attorney fees and costs for frivolous appeal are denied.
The judgment is due to be, and it is hereby, affirmed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED; MOTIONS DENIED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.