BRYAN, Judge.
 

 Ethel M. Lee (“the widow”), the widow of Clarence Lee, Jr., deceased (“the decedent”), appeals a judgment of the Madison Circuit Court (“the circuit court”) determining that a document that the widow asserted was a photocopy of a lost will executed by the decedent on June 5, 1997 (“the purported will”), was not valid. We conclude that the circuit court lacked jurisdiction to adjudicate the validity of the purported will and that, therefore, the judgment of the circuit court is void. Because a void judgment will not support an appeal, we must dismiss the appeal.
 

 The decedent died on April 27, 2006, at the age of 68. He was survived by the widow, whom he had married in 1992, and three daughters by a previous marriage, Carol M. Lee Oliver, Cassandra M. Lee, and Cynthia Lee Bush (“the daughters”). On January 9, 2007, the daughters filed a petition in the circuit court. The petition recited that the widow had filed a photocopy of the purported will in the Probate Court of Madison County (“the probate court”), that the original of the purported will had not been located, and that, therefore, the photocopy of the purported will had been offered for probate as a lost will. The daughters’ petition did not recite that the purported will had been admitted to probate. As relief, the daughters’ petition sought, among other things, the removal from the probate court of the proceeding instituted by the widow and a determination that the purported will was not a valid will of the decedent. Although the record does not contain an order of the circuit court removing the proceeding in the probate court to the circuit court, the circuit court treated that proceeding as though it were removed to the circuit court. The record contains no evidence indicating that, before the daughters filed their petition contesting the purported will in the circuit court, the purported will had been admitted to probate or a will contest had been filed in the probate court. Following a bench trial, the circuit court entered a judgment determining that the purported will was not valid. Thereafter, the widow timely appealed to this court. Because this court lacked jurisdiction, we transferred the widow’s appeal to the supreme court; the supreme court then transferred the appeal back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
 

 
 *63
 
 “In Alabama, a will may be contested in two ways: (1)
 
 before probate,
 
 a contest may be instituted
 
 in the probate court
 
 pursuant to Ala.Code 1975, § 43-8-190; or (2)
 
 after probate
 
 and within six months thereof, a contest may be instituted by filing a complaint
 
 in the circuit court
 
 of the county in which the will was probated, pursuant to Ala.Code 1975, § 43-8-199.
 
 Stevens v. Gary,
 
 565 So.2d 73 (Ala.1990). In order to contest a will under either of these methods, the contestant must
 
 strictly
 
 comply with the statutory language in order to quicken
 
 jurisdiction
 
 of the appropriate court.
 
 Bullen v. Brown,
 
 535 So.2d 76 (Ala.1988).”
 

 Boshell v. Lay,
 
 596 So.2d 581, 583 (Ala.1992) (emphasis added).
 

 In the case now before us, the record contains no evidence indicating that the purported will had been admitted to probate before the daughters filed their petition contesting the purported will in the circuit court. Therefore, the circuit court did not acquire subject-matter jurisdiction over the daughters’ will contest under § 43-8-199, Ala.Code 1975. Moreover, although § 43-8-198, AIa.Code 1975, provides for the transfer of a will-contest proceeding from probate court to circuit court, the record contains no evidence indicating that the daughters had filed a will contest in the probate court before removing to the circuit court the proceeding instituted in the probate court by the widow. Therefore, the circuit court did not acquire subject-matter jurisdiction over the daughters’ will-contest proceeding under § 43-8-198.
 
 See Nottage v. Jones,
 
 388 So.2d 923, 925-26 (Ala.1980) (recognizing that, under the predecessor of § 43-8-198, “there must be a valid will contest pending in the probate court before the probate judge can transfer the contest to the circuit court”).
 

 “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.
 
 Hunt Transition & Inaugural Fund, Inc. v. Grenier,
 
 782 So.2d 270, 274 (Ala.2000).”
 

 Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008).
 

 Accordingly, we dismiss the widow’s appeal and instruct the circuit court to vacate its judgment determining that the purported will was not a valid will of the decedent.
 

 APPEAL DISMISSED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.