WISE, Justice.
These appeals arise out of a lease agreement between a landlord, Birmingham Realty Company (“Birmingham Realty”), a tenant, MPQ, Inc., d/b/a Freedom Enterprises (“MPQ”), and a guarantor, Marcus *392 P. Quinn, president of MPQ. We consolidated the two appeals for the purpose of writing one opinion; we now dismiss the appeals.

Facts and Procedural History

On October 31, 2008, Birmingham Realty and MPQ entered into a commercial lease agreement. On that same date, Quinn signed an “Individual Guaranty of Lease.”
On September 29, 2009, Birmingham Realty filed in the Shelby Circuit Court a complaint against MPQ and Quinn seeking unpaid rent; that case was assigned case no. CV-2009-900730 (“the rent action”). The complaint alleged that MPQ had breached the lease agreement and that, pursuant to an acceleration clause in the lease agreement, MPQ owed Birmingham Realty $86,807.18. On October 15, 2009, MPQ and Quinn filed an answer and counterclaims. On October 28, 2009, Birmingham Realty filed a motion to dismiss the counterclaims.
On October 29, 2009, Birmingham Realty filed in the Shelby District Court an unlawful-detainer action naming MPQ as the defendant; that action was assigned case no. DV-2009-900670 (“the unlawful-detainer action”). MPQ filed an answer and a motion to dismiss, and the district court conducted a trial on the matter. On January 19, 2010, the district court dismissed the action, reasoning that the simultaneous actions in the district court and the circuit court violated § 6-5-440, Ala.Code 1975, Alabama’s abatement statute, which provides: “No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause of action and against the same party.” On February 2, 2010, Birmingham Realty filed a motion to alter, amend, or vacate the district court’s dismissal, which the district court denied.
On February 16, 2010, Birmingham Realty appealed the district court’s dismissal of the unlawful-detainer action to the circuit court. See § 12-11-30(3), Ala.Code 1975. That appeal was assigned case no. CV-2010-130. On February 22, 2010, MPQ filed an “Amended Answer and Counterclaim” in the appeal from the unlawful-detainer action. On February 26, 2010, Birmingham Realty filed a motion to dismiss the counterclaim.
On February 26, 2010, Birmingham Realty filed in the Shelby Circuit Court a motion to consolidate the rent action with the appeal in the unlawful-detainer action. On March 4, 2010, the circuit court granted the motion to consolidate.
The circuit court conducted a hearing on all pending motions. On March 12, 2010, it entered an order affirming the district court’s dismissal of the unlawful-detainer action and dismissing MPQ and Quinn’s counterclaims in the rent action. It also suggested that Birmingham Realty move to dismiss the rent action without prejudice so it could refile its unlawful-detainer action in the district court and then later refile an action in the circuit court seeking unpaid rent. On April 5, 2010, Birmingham Realty filed in the Shelby Circuit Court a motion to dismiss without prejudice the rent action. On April 9, 2010, MPQ and Quinn filed a motion to alter, amend, or vacate the March 12, 2010, order. The circuit court did not rule on either motion.
MPQ and Quinn appealed as to the rent action; MPQ appealed as to the unlawful-detainer action; and Birmingham Realty cross-appealed in both actions.[1] With regard to the rent action, MPQ and Quinn’s *393 appeal was assigned case no. 1091517, and Birmingham Realty’s cross-appeal was assigned case no. 1091598. MPQ’s appeal (case no. 1091582) and Birmingham Realty’s cross-appeal (case no. 1091588) addressed in this opinion challenge the judgment in the unlawful-detainer.
On January 7, 2011, this Court dismissed MPQ and Quinn’s appeal in the rent action (case no. 1091517) and Birmingham Realty’s cross-appeal in the rent action (case no. 1091598). On that same date, having determined that the appeals were from a nonfinal judgment, this Court remanded the appeal in the unlawful-de-tainer action (case no. 1091582) and the cross-appeal in the unlawful-detainer action (case no. 1091588) for the circuit court (1) to certify the interlocutory order of March 12, 2010, as a final judgment under Rule 54(b), Ala. R. Civ. P.; (2) to adjudicate the remaining claims, making the interlocutory order final and appealable; or (3) to take no action, in which event the appeal would be dismissed as being from a nonfinal judgment. On May 11, 2011, the circuit court certified the interlocutory order of March 12, 2010, with regard to case no. CV-2010-130 as a final judgment under Rule 54(b), Ala. R. Civ. P.

Discussion

Although the parties do not raise any argument regarding this Court’s jurisdiction to hear these appeals, “jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.” Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). “Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu.” Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).
Section 6-6-350, Ala.Code 1975, which governs appeals from a district court to the circuit court in unlawful-de-tainer actions, provides:
“Any party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof, and appeal and the proceedings thereon shall in all respects, except as provided in this article, be governed by this code relating to appeal from district courts....”
(Emphasis added.)
Under § 6-6-350, Birmingham Realty was required to file its notice of appeal within seven days after the district court entered its order dismissing the unlawful-detainer action, unless the time for filing the notice of appeal was properly tolled. With regard to tolling the time for filing a notice of appeal, Rule 4(a)(3), Ala. R.App. P., provides:
“The filing of a post-judgment motion pursuant to Rules 50, 52, 55 or 59 of the Alabama Rules of Civil Procedure ([Ala. R. Civ.P.]) shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion. If such post-judgment motion is deemed denied under the provisions of Rule 59.1 of the Alabama Rules of Civil Procedure, then the time for filing a notice of appeal shall be computed from the date of denial of such motion by operation of law, as provided for in Rule 59.1....”
With regard to postjudgment motions in civil cases, Rule 59, Ala. R. Civ. P., provides, in relevant part:
“(e) Motion to Alter, Amend, or Vacate a Judgment. A motion to alter, amend, or vacate the judgment shall be *394 filed not later than thirty (30) days after entry of the judgment.
“(dc) District Court Rule. Rule 59 applies in the district courts except that ... (2) all time periods of thirty days are reduced to fourteen (14) days except in unlawful-detainer actions subject to appeal under § 6-6-350, Ala.Code 1975, in which actions the time periods are reduced to seven (7) days....”
(Emphasis added.) Finally, the Committee Comments to the July 1, 2009, Amendment to Rule 59(de) state:
“All judgments entered by a district court in unlawful-detainer actions, residential and commercial, are subject to the 2006 amendment to § 6-6-350, Ala. Code 1975, which reduced the appeal time from 14 to 7 days for appeals of such judgments to the circuit court. Rule 59(dc) has been amended to require postjudgment motions in unlawful-detainer actions filed under this rule to be filed within the seven-day appeal period. If filed within that period such motions will be subject to the provisions of Rule 59.1(dc) regarding the disposition of posttrial motions. For unlawful-detainer actions subject to § 6-6-350, Ala.Code 1975, the amendment also reduces to seven days the time within which the court may, on its own initiative, order a new trial.”
The district court entered its order dismissing the unlawful-detainer action on January 19, 2010. Birmingham Realty filed a motion to alter, amend, or vacate on February 2, 2010. Because Birmingham Realty did not file that motion within the time set forth in Rule 59(dc), Ala. R. Civ. P., that motion was not timely and did not toll the time for filing a notice of appeal to the circuit court. See Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002) (“Although a timely postjudgment motion will toll the ... time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so”). Therefore, the notice of appeal from the district court to the circuit court filed by Birmingham Realty on February 16, 2010, was not timely.
“The failure to file a timely notice of appeal is a jurisdictional defect that prevented the circuit court from acquiring jurisdiction over the appeal. See Kennedy v. Merrian, 963 So.2d 86, 88 (Ala.Civ.App.2007). ‘A court must dismiss an appeal for lack of jurisdiction if a party does not appeal within the time prescribed by statute.’ Flannigan v. Jordan, 871 So.2d 767, 770 (Ala.2003).”
Shamburger v. Lamberi, 24 So.3d 1139, 1142 (Ala.Civ.App.2009). Because Birmingham Realty did not timely file its notice of appeal to the circuit court, the circuit court did not have subject-matter jurisdiction over the appeal from the unlawful-detainer action, see Smith v. Estes, 47 So.3d 1251 (Ala.Civ.App.2010), and the circuit court’s March 12, 2010, judgment purporting to dispose of that appeal is void. “A judgment entered by a court lacking subject-matter jurisdiction is absolutely void and will not support an appeal; an appellate court must dismiss an attempted appeal from such a void judgment.” Vann v. Cook, 989 So.2d 556, 559 (Ala.Civ.App.2008). Consequently, we dismiss the appeal and the cross-appeal with instructions that the circuit court vacate its March 12, 2010, judgment insofar as it addresses the unlawful-detainer action.
1091582 — APPEAL DISMISSED WITH INSTRUCTIONS.
1091583 — APPEAL DISMISSED WITH INSTRUCTIONS.
WOODALL, STUART, PARKER, and SHAW, JJ., concur.

. The parties originally filed the appeals and cross-appeals with the Alabama Court of Civil Appeals. That court transferred the appeals to this Court.