BRYAN, Judge.
Joseph Boswell appeals from a judgment of the Mobile Circuit Court (“the circuit court”) in favor of Mary Lowery. Because the circuit court lacked subject-matter jurisdiction to enter that judgment, that judgment is void, and, because a void judgment will not support an appeal, we dismiss Boswell’s appeal with instructions to the circuit court.
On July 8, 2010, Lowery brought an unlawful-detainer action against Boswell in the Mobile District Court (“the district court”), seeking possession of a house she had rented to Boswell (“the house”) and recovery of unpaid rent. Boswell answered Lowery’s complaint and asserted a counterclaim. Following a bench trial on November 15, 2010, the district-court judge, on November 17, 2010, electronically signed and electronically filed a judgment finding in favor of Lowery with respect to both her claim and Boswell’s counterclaim and awarding her possession of the house and damages in the amount of $4,000.
Boswell filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion on November 24, 2010, and filed a second Rule 59(e) post-judgment motion on December 6, 2010.[1] The Rule 59(e) postjudgment motion Boswell had filed on November 24, 2010, was denied by operation of law pursuant to Rule 59.1(dc), Ala. R. Civ. P., on December 8, 2010. Boswell filed a notice of appeal to the circuit court on December 20, 2010.
Following a bench trial, the circuit court entered a judgment in favor of Lowery on November 28, 2011. Lowery and Boswell each filed Rule 59(e) postjudgment motions, which the circuit court denied. Boswell then filed a notice of appeal to this court on February 10, 2012.
Although the parties have not raised the issue whether this court has jurisdiction over Boswell’s appeal,
“ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987). ‘Lack of subject matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject matter jurisdiction ex mero motu’ Ex parte Smith, 438 So.2d 766, 768 (Ala.1983).”
MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 393 (Ala.2011).
In pertinent part, § 6-6-350, Ala.Code 1975, a part of Alabama’s Unlawful Detain-er Article, § 6-6-310 et seq., Ala.Code 1975, provides that “[a]ny party may appeal from a judgment entered against him or her by a district court to the circuit court at any time within seven days after the entry thereof....” (Emphasis added.) Section 6-6-350 has been amended with respect to appeals in unlawful-detainer actions involving residential landlords and tenants by § 35-9A-461, a part of Alabama’s Uniform Residential Landlord and Tenant Act, § 35-9A-101 et seq., Ala.Code 1975. See Ex parte Brown, 83 So.3d 512, *214 515 (Ala.2011). Section 35-9A-461(d) provides:
“Notwithstanding subsection (a) of Section 12-12-70 [concerning appeals from the district court generally], any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof. The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion, or the date of the denial of such motion by operation of law pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure ....”
(Emphasis added.)
By electronically signing and electronically filing his judgment on November 17, 2010, the district-court judge both rendered and entered his judgment on that date. See Rule 58(de), Ala. R. Civ. P. (“Rule 58 applies in the district courts.”); Rule 58(a), Ala. R. Civ. P. (“A judge may render an order or a judgment ... (5) by executing and transmitting an electronic document to the electronic-filing system.”); and Rule 58(c), Ala. R. Civ. P. (“An order or a judgment rendered electronically by the judge under subdivision (a)(5) of this rule shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the date the order or judgment is electronically transmitted by the judge to the electronic-filing system.”).[2]
Rule 59(dc), Ala. R. Civ. P., provides that, in the case of an unlawful-detainer action subject to appeal under § 6-6-350, a party must file his or her Rule 59(e), Ala. R. Civ. P., postjudgment motion not later than 7 days after the entry of the judgment in order for it to be timely. Lowery’s action was an unlawful-detainer action subject to appeal under § 6-6-350, and, therefore, Boswell was required to file his Rule 59(e) postjudgment motion not later than 7 days after November 17, 2010, the date the district-court judgment was entered, in order for it to be timely. See Rule 59(dc). In pertinent part, Rule 6(a), Ala. R. Civ. P., provides:
“In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday.... When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule ... ‘legal holiday5 includes ... Thanksgiving Day....”
Thus, in computing the 7-day period for Boswell to file a timely Rule 59(e) post-judgment motion, we (1) exclude November 17, 2010, the date the district-court judgment was entered, (2) begin the computation with the following day, November 18 (a Thursday), and (3) exclude November 20 (a Saturday), November 21 (a Sun *215 day), November 25 (Thanksgiving Day), November 27 (a Saturday), and November 28 (a Sunday). Computed in that manner, the last day of the 7-day period for Boswell to file a timely Rule 59(e) post-judgment motion was November 29, 2010. Consequently, the Rule 59(e) post-judgment motion Boswell filed in the district court on November 24, 2010, was timely and, therefore, suspended the time for Boswell to file his notice of appeal to the circuit court pursuant to § 35-9A-461(d); however, the Rule 59(e) post-judgment motion he filed on December 6, 2010, was untimely and, therefore, did not suspend the time for Boswell to file his notice of appeal to the circuit court. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d at 394 (“ ‘Although a timely post-judgment motion will toll the ... time period for filing a notice of appeal, an untimely filed postjudgment motion will not do so.’ ”) (quoting Marsh v. Marsh, 852 So.2d 161, 163 (Ala.Civ.App.2002)); and § 35-9A-461(d) (“The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal.” (emphasis added)).
The Rule 59(e) postjudgment motion Boswell filed on November 24, 2010, was denied by operation of law on December 8, 2010. See Rule 59.1(dc), Ala. R. Civ. P. (“Rule 59.1 applies in the district courts, except that the time period of ninety (90) days [that a postjudgment motion may remain pending] is reduced to fourteen (14) days unless within that time an order extends the period, for good cause shown, for not more than an additional fourteen (14) days.”); Rule 59.1, Ala. R. Civ. P. (“A failure of the trial court to render an order disposing of any pending postjudgment motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.”); and Williamson v. Fourth Ave. Supermarket, Inc., 12 So.3d 1200, 1203-04 (Ala.2009) (“To eliminate any confusion caused by contrary or imprecise language in previous caselaw, we now reiterate that, consistent with the express language of Rule 59.1, Ala. R. Civ. P., a failure by the trial court to dispose of any postjudgment motion during the period specified in Rule 59.1 constitutes a denial of the motion ‘as of the date of the expiration of the period.’ Rule 59.1, Ala. R. Civ. P”).
Upon the denial of his Rule 59(e) postjudgment motion by operation of law on December 8, 2010, Boswell had 7 days to file a timely notice of appeal to the circuit court. See §§ 6-6-350 and 35-9A-461(d). In Ex parte Brown, 83 So.3d 512, 515-16 (Ala.2011), the supreme court held that Rule 6(a) applies to the computation of the 7-day period for filing a timely notice of appeal pursuant to §§ 6-6-350 and 35-9A-461(d) in unlawful-detainer actions involving a residential landlord and tenant before August 1, 2011.[3] Consequently, in computing the 7-day period for Boswell to file a timely notice of appeal to the circuit court, we (1) exclude December 8, 2010, the date his Rule 59(e) post- *216 judgment motion was denied by operation of law, (2) begin the computation with the following day, December 9 (a Thursday), and (3) exclude December 11 (a Saturday) and December 12 (a Sunday). Computed in that manner, the last day of the 7-day period for Boswell to file a timely notice of appeal to the circuit court was December 17, 2010. Boswell did not file his notice of appeal to the circuit court until December 20, 2010. Therefore, his notice of appeal to the circuit court was untimely. Boswell’s failure to file a timely notice of appeal to the circuit court is a jurisdictional defect that prevented the circuit court from acquiring subject-matter jurisdiction over his appeal. MPQ v. Birmingham Realty Co., 78 So.3d at 394. Because the circuit court did not acquire subject-matter jurisdiction over Boswell’s appeal, the judgment entered by the district court remains in effect, see Singleton v. Graham, 716 So.2d 224, 226 (Ala.Civ.App.1998), and the judgment entered by the circuit court purporting to adjudicate Boswell’s appeal from the district court is void, see MPQ v. Birmingham Realty Co., 78 So.3d at 394. Moreover, the circuit court’s void judgment will not support Boswell’s appeal to this court. Id. Because an appellate court must dismiss an appeal from a void judgment, id., we dismiss Boswell’s appeal with instructions to the circuit court to vacate its void judgment and to dismiss Boswell’s appeal from the district court.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. No entry was made on the case-action summary in the State Judicial Information System to record Boswell’s filing of a Rule 59(e) postjudgment motion on either November 24, 2010, or December 6, 2010; however, the first Rule 59(e) postjudgment motion contained in the record on appeal bears the date stamp of the district-court clerk establishing that it was filed on November 24, 2010, and the second Rule 59(e) postjudgment motion contained in the record on appeal bears the district-court clerk’s filing stamp establishing that it was filed on December 6, 2010.

. Boswell asserts that the district-court judgment was not entered until November 29, 2010; however, the record on appeal and the case-action summary in the State Judicial Information System refute that assertion.

. In Act No. 2011-700, Ala. Acts 2011, the legislature amended the definition of "day” in § 35-9A-141(3), Ala.Code 1975, effective August 1, 2011, to provide that "day” means a "calendar day, notwithstanding Rule 6 of the Alabama Rules of Civil Procedure; however, in any case where the application of a time period in this chapter consisting of a specific number of days results in the last day of that time period falling on a weekend or an official holiday, then the last day of that time period shall be considered the next official business day when the court is open.” That amended definition of "day” does not apply to the present case because the 7-day period for Boswell to file a timely notice of appeal to the circuit court occurred before the August 1, 2011, effective date of that amended definition.