PITTMAN, Judge.
The Birmingham Derby Club, Inc. (“Derby Club”), an applicant for, among other things, a lounge retail liquor license and dance permits pertaining to a planned adult-entertainment establishment involving semi-nude dancing to be located on Derby Way in Birmingham, appeals from a summary judgment purporting to affirm the decision of the Birmingham City Council to deny approval of Derby Club’s applications. We dismiss the appeal in part and affirm in part.
*420 The record reveals that Derby Club has leased, and owns an option to purchase, a parcel of real property located in an industrial park in the territorial limits of the City of Birmingham (“the City”) in close proximity to an interstate-highway exit. The parcel has, in the relatively recent past, hosted an adult-entertainment club known as “Sensations” at which semi-nude dancing has been offered; however, after 24 police incidents had been reported at the location between July 2008 and July 2010, the operators of that club suffered a revocation of their liquor license and went out of business. In August 2010, the City adopted an amendment to its zoning ordinance pertaining to “adult establishments” mandating, among other things, that no adult establishment be operated within 750 feet of “any property ... that contains a single family or two family detached dwelling, or multiple family dwelling.” The record reflects that that amended ordinance repealed a former version thereof barring operation of an adult establishment within 750 feet of a residential district.
In August 2011, well after the effective date of the amended zoning ordinance, Derby Club applied to the City for two dance permits for the property; pursuant to the authority conferred upon the City as a Class 1 municipality in Ala.Code 1975, § 28-1-6, Derby Club also sought municipal approval of its alcoholic-beverage-license application. The record reflects that the Liberty Highlands Neighborhood Association, which represents homeowners in the area of the proposed club, elected to oppose Derby Club’s efforts to obtain the requested dance permits and liquor license, and the owner of the majority of the lots in the industrial park, Clifford J. Bal-zli, amended the restrictive covenants applicable to the industrial park so as to prevent any lot in the park from being used as a nightclub or an adult-entertainment establishment. After the City’s public-safety committee had voted to recommend denial of Derby Club’s applications, the City’s governing body, the Birmingham City Council, held a public hearing on January 24, 2012, on three resolutions proposing to deny the applications submitted by Derby Club; at that hearing, Clifford Balzli, his son Adam Balzli, and a number of area residents spoke in opposition to the proposed club, with only Derby Club’s in-corporator and its counsel speaking in favor, and the three resolutions rejecting Derby Club’s applications were adopted without a dissenting vote.
On March 13, 2012, 49 days after the denial by the City of its applications, Derby Club filed a complaint in the Jefferson Circuit Court, asserting in its complaint that the action of the city council had been arbitrary and capricious and that “[t]he only remedy available to [it] for the denial of’ its applications was “by appeal to” the trial court. The City answered the complaint and averred that its action had been warranted by the substantive evidence presented; additionally, the Balzlis were permitted to intervene as parties in support of the City’s position. The City and the Balzlis moved for the entry of summary judgments in their favor, supported by, among other things, the record of the city-council hearing and the transcript of the deposition of the incorporator of Derby Club; the movants posited that the decision of the City to deny the applications submitted by Derby Club was reasonably justified given the restrictive covenants in force in the industrial park, the factors listed in § 28-l-6(a)(l)b., Ala. Code 1975, pertaining to denial of approval of liquor licenses in Class 1 municipalities (ie., in Birmingham), and the testimony offered at the public hearing. Derby Club filed a response in opposition to the motions, principally opposing the validity of the restrictive covenants as a basis for disap *421 proval.[1] The trial court entered a summary judgment in favor of the movants, prompting Derby Club to appeal.
Although no party has challenged this court’s appellate jurisdiction, the lack of subject-matter jurisdiction may not be waived by the parties, and it is an appellate court’s duty to consider lack of subject-matter jurisdiction ex mero motu. See MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 393 (Ala.2011). In this case, on March 13, 2012, Derby Club filed its complaint in the trial court appealing from the January 24, 2012, decision of the governing body of the City to deny Derby Club’s liquor-license application; however, Ala.Code 1975, § 28-l-6(a)(2), provides that “[a]ny proceeding to review the denial of approval of a [liquor] license application shall be commenced within 14 days of the action by the municipal governing body.” Thus, to the extent that Derby Club sought review of the City’s decision to deny Derby Club’s liquor-license application, it did not timely invoke the trial court’s subject-matter jurisdiction, and that aspect of the summary judgment purporting to uphold the City’s decision as to the liquor-license application was, therefore, void and will not support an appeal to this court. See, e.g., Boswell v. Lowery, 107 So.3d 212, 215-16 (Ala.Civ.App.2012). We thus dismiss the appeal insofar as it concerns the denial of Derby Club’s liquor-license application.
In contrast to the provisions of § 28-l-6(a), which provide for a right of appeal with respect to. a decision of a Class 1 municipality to deny the issuance of a liquor license, the parties do not cite, and we are not aware of, any authority that would permit a circuit court to hear an appeal from a municipality’s denial of dance-permit applications. Instead, Alabama appellate courts have held that a petition for a writ of certiorari is the proper method for seeking judicial review of municipal decisions as to which no prescribed method of review exists. See Sanders v. City of Dothan, 642 So.2d 437, 440 (Ala.1994) (revocation of municipal business license). However, on such cer-tiorari review, the scope of review is limited solely to questions of law and does not extend to review of the weight and preponderance of the evidence; if any legal evidence exists to support the decision under review, ie., if any evidence will justify the decision based upon a legitimate (if not always a preferred) inference from the facts shown, that evidence is conclusive on the reviewing court. See id.
The Birmingham City Code provides that the city council of the City, in acting on an application for a Division I dance permit, shall consider any evidence or testimony offered by any person concerned and the recommendation of the appropriate committee (Birmingham City Code, § 12 — 3—13(b)); as to Division II dance-permit applications, the city council similarly “renderfs] a decision to grant or deny the permit” after having considered “all the evidence and information presented at” a hearing thereon (Birmingham City Code, § 12-3-25.1).[1] Here; as we have noted, a public hearing was held on the applications submitted by Derby Club. At that hearing, the city council heard statements from, among other persons, owners of residences located within 750 feet of the proposed adult establishment who noted the adverse effects on traffic and parking that had resulted during the two-year operation of the former adult establishment on the sub *422 ject premises and their concerns that similar problems would result if Derby Club’s applications were to be granted. In addition, the city council heard statements from the Balzlis, who stated that no business was open at the interstate-highway exit, that the subject property had been zoned for light industrial use and had been sold for the purpose of being used as a tire store, that the Balzlis had been assured upon the annexation of their property into the corporate limits of the City that the City would protect against bad development, and that the use of the property as an adult establishment would set a bad precedent for the prospects of future development at the exit. Further, the city council was made aware that 449 signa-toes had been affixed to petitions seeking denial of the applications and that another business establishment operated by the in-corporator of Derby Club and located in another part of Birmingham had experienced well over 60 reported police incidents. Given the existence of legal evidence to support the decision of the City to deny the requested dance permits and the applicable standard governing certiorari review by the judiciary of the decisions of the City in acting on dance-permit applications, we agree with the trial court’s implicit conclusion that no genuine issue of material fact existed and that the City and the Balzlis were entitled to judgments as a matter of law.
Based upon the foregoing facts and authorities, the appeal is dismissed as it pertains to the City’s decision to deny a liquor license to Derby Club; the summary judgment is otherwise affirmed. The motion of the Balzlis to dismiss the appeal as to them, stemming from their omission as appellees from the initial notice of appeal filed by Derby Club, is denied as moot in light of our disposition on the merits.
APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART.
THOMPSON, P.J., and THOMAS, MOORE, and DONALDSON, JJ., concur.

. Alabama courts, by statute, take judicial notice of the ordinances of Class 1 municipalities. See Ala.Code 1975, § 11-45-11.