THOMPSON, Presiding Judge.
Gordon McWhorter has sought our review by petitioning this court for a writ of mandamus directing the Elmore Circuit Court (“the circuit court”) to vacate the judgments it has entered in favor of Vicky Parsons in this matter. In the underlying proceedings, Parsons appealed to the circuit court from a judgment of the Elmore District Court (“the district court”) in an unlawful-detainer action. As a basis for seeking to have the circuit-court judgments in favor of Parsons vacated, McWhorter contends that Parsons’s appeal to the circuit court was untimely and that, therefore, the circuit court did not have subject-matter jurisdiction over the matter. McWhorter also asks this court to direct the circuit court to enter an order dismissing the action.
The following time line, gathered from the materials that McWhorter submitted in support of his petition, is helpful to a resolution of this matter.
On September 2, 2014, the district court entered an order in favor of McWhorter on his unlawful-detainer claim against Parsons and found that McWhorter was entitled to possession of the property at issue. The district court certified the order as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P. The judgment also provided:
“FOR PURPOSES OF APPEAL: Rental [of the property at issue] is ascertained to be the sum of $680 per month due on the 1st of the month. Appeal Bond is hereby set in the amount of $4,760.”
On September 8, 2014, Parsons moved for a reduction in the amount of the appeal bond because her rental payments were up to date. The district court explicitly stated that it construed Parsons’s motion as a Rule 59, Ala.R.Civ.P., motion to alter, amend, or vacate the judgment, and, in an order dated September 9, 2014, it decreased the amount of the appeal bond to $680. On Wednesday, September 10, *579 2014, Parsons filed her notice of appeal to the circuit court.
The circuit court held an evidentiary-hearing, and, on April 14, 2015, it entered a judgment in Parsons’s favor, denying McWhorter’s unlawful-detainer claim. On May 4, 2015, McWhorter filed a motion to alter, amend, or vacate the judgment, and the circuit court denied the postjudgment motion on May 27, 2015. On July 2, 2015, McWhorter filed his notice of appeal to this court. That appeal was assigned case number 2140982.
Although neither party addressed whether this court had jurisdiction to consider the appeal, it is well settled that this court may take notice of jurisdictional matters at any time and may even do so ex mero motu. Thomas v. Merritt, 167 So.3d 283 (Ala.2013). On January 14, 2016, this court asked the parties to submit letter briefs regarding “whether this appeal [was] timely filed.” McWhorter responded, discussing the timeliness of the appeal of the judgment of the circuit court to this court. Parsons did not favor this court with a letter brief on the issue. On February 2, 2016, this court entered an order directing “that the appeal in the above styled cause be, and the same is hereby dismissed as untimely filed.” Costs were taxed against McWhorter.
On February 5, 2016, McWhorter filed in this court a motion for clarification in which he sought to ascertain why the appeal had been dismissed. On February 16, 2016, this court issued an amended order stating that “the appeal in the above styled cause” was dismissed as untimely, citing § 35-9A-461(d), Ala.Code 1975. This court determined that, because Parsons’s notice of appeal from the district court to the circuit court was filed on September 10, 2014, it was not filed within seven days of the September 2, 2014, district-court judgment, as required by § 35-9A-461(d), and that, therefore, it was untimely. The certificate of judgment in case number 2140982 was issued on March 7, 2016.
Recognizing that the orders of February 2 and 16, 2016, might not have been sufficiently explicit regarding the basis for this court’s dismissal, this court, on May 17, 2016, recalled the certificate of judgment in ease number 2140982 and placed the case on rehearing ex mero motu. On the same day, this court asked the parties to submit letter briefs on the issue of whether the motion Parsons had filed in the district court seeking a reduction in the amount of the appeal bond the district court had set was a valid postjudgment motion for purposes of tolling the time to appeal from the district court to the circuit court, as authorized by § 35-9A-461(d).
After consideration of the arguments set forth in the parties’ respective letter briefs, this court concluded that Parsons’s motion seeking a reduction of the appeal bond had not tolled the time for filing a timely notice of appeal. See Rule 4(a)(3), Ala. R.App. P. Therefore, we determined, Parsons’s appeal to the circuit court from the judgment of the district court was untimely, and, thus, Parsons’s failure to file a timely notice of appeal to the circuit court was a jurisdictional defect that prevented the circuit court from acquiring subject-matter jurisdiction of the appeal of the district court’s judgment. Boswell v. Lowery, 107 So.3d 212, 216 (Ala.Civ.App.2012); MPQ, Inc. v. Birmingham Realty Co., 78 So.3d 391, 394 (Ala.2011). Therefore, we concluded, the judgment of the circuit court was void and this court was without jurisdiction over the void judgment. K.C.G. v. S.J.R., 46 So.3d 499, 501 (Ala.Civ.App.2010). Accordingly this court concluded that the order of February 2, 2016, dismissing the appeal in case number 2140982 was correct, and we overruled our previous decision to place the matter on rehearing ex mero motu.
*580 Meanwhile, on February 26, 2016, McWhorter filed in the circuit court a motion pursuant to Rule 60(b)(4), Ala. R. Civ. P., in which he sought relief from the circuit court’s judgment of April 14, 2015, on the ground that it was void because the notice of appeal from the district court’s judgment was untimely. That same day, the circuit court denied McWhorter’s motion, relying on Rule 6(a), Ala. R. Civ. P., which provides: “When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.” The circuit court concluded that, based on Rule 6(a), Parsons had had until September 11, 2014, to file her notice of appeal from the district court to the circuit court. Parsons’s notice of appeal had been filed on September 10, 2014; therefore, the circuit court concluded, it had had jurisdiction to consider the appeal from the district court.
On March 7, 2016, McWhorter filed a petition for a writ of mandamus with our supreme court, which transferred the petition to this court pursuant to § 12-2-7(6), Ala.Code 1975. As mentioned, in the petition, McWhorter seeks an order directing the circuit court to vacate the judgments the circuit court has entered in this matter and to dismiss Parsons’s appeal to the circuit court because, he says, Parsons’s notice of appeal from the district court was untimely filed.
Before addressing the merits of McWhorter’s petition, we must first address whether a petition for a writ of mandamus is the proper vehicle for seeking review of the circuit court’s denial of his Rule 60(b)(4) motion for relief from the April 14, 2015, judgment of the circuit court.
“Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”
Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). The law is well settled that the denial of a Rule 60(b) motion is reviewable on appeal. Image Auto, Inc. v. Mike Kelley Enters., Inc., 823 So.2d 655 (Ala.2001); Ex parte Keith, 771 So.2d 1018 (Ala.1998); Ex pane S.B., 164 So.3d 599, 602 (Ala.Civ. App.2014); and Ex pane R.S.C., 853 So.2d 228, 235 (Ala.Civ.App.2002). As a result, McWhorter should have appealed from the denial of his Rule 60(b) motion, and mandamus is not a proper mechanism by which McWhorter can seek review of the circuit court’s denial of that motion. Nonetheless, our supreme court has stated that there is no “bright-line test” for determining when an appellate court will treat a particular filing as a mandamus petition and when it will treat the filing as a notice of appeal. Ex parte Burch, 730 So.2d 143, 146 (Ala.1999). It has noted, however, that appellate courts must be mindful of the policy established by Rule 1, Ala. RApp. P.: “[These rules] shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits.” McWhorter’s petition for a writ of mandamus was filed within the 42-day period allowed for filing a notice of appeal from the circuit court’s judgment denying McWhorter’s Rule 60(b)(4) motion. With the principles of Rule 1 in mind, we have elected to treat McWhorter’s petition as an appeal of that judgment, we have restyled the case accordingly, and we now consider the merits of the arguments the parties have made in their briefs to this court. See Wix Corp. v. Davis, 945 So.2d 1040, 1044-45 (Ala.Civ.App.2005).
*581 The basis for the circuit court’s determination that it had subject-matter jurisdiction over Parsons’s appeal has been addressed and rejected by the Alabama Legislature. Section 35-9A-461(d), part of the Alabama Uniform Residential Landlord and Tenant Act (“the Act”), § 35-9A-101 et seq., Ala.Code 1975, provides, in pertinent part:
“Notwithstanding subsection(a) of Section 12-12-70,[1 ] any party may appeal from an eviction judgment entered by a district court to the circuit court at any time within seven days after the entry thereof. The filing of a timely post-judgment motion pursuant to the Alabama Rules of Civil Procedure shall suspend the running of the time for filing a notice of appeal. In cases where post-judgment motions are filed, the full time fixed for filing a notice of appeal shall be computed from the date of the entry in the civil docket of an order granting or denying such motion, or the date of the denial of such motion by operation of law pursuant to Rule 59.1 of the Alabama Rules of Civil Procedure.”
The legislature amended the Act, effective August 1, 2011, to define “day” as follows:
“ ‘[D]ay’ means calendar day, notwithstanding Rule 6 of the Alabama Rules of Civil Procedure; however, in any case where the application of a time period in this chapter consisting of a specific number of days results in the last day of that time period falling on a weekend or an official holiday, then the last day of that time period shall be considered the next official business day when the court is open.”
§ 35—9A—141 (3), Ala.Code 1975 (emphasis added). See also Jones v. DeRamus, 199 So.3d 74, 76 (Ala.Civ.App.2015).
As discussed, this court has already concluded that Parsons’s appeal from the district court to the circuit court was untimely. The reason the circuit court gave in its February 26, 2016, order determining that it did, in fact, have jurisdiction over that appeal is in conflict with applicable law. Accordingly, the circuit court’s judgment denying McWhorter’s Rule 60(b)(4) motion is reversed, and the cause is remanded for the circuit court to enter an order vacating any and all judgments or orders it has entered in connection with this matter and to dismiss Parsons’s appeal to that court from the district court as untimely.
Parsons’s request for an attorney fee is denied.
REVERSED AND REMANDED.
PITTMAN, THOMAS, and MOORE, JJ., concur.
DONALDSON, J., recuses himself.

. Subsection (a) of § 12-12-70 provides:
"Civil cases. Any party may appeal from a final judgment of the district court in a civil case by filing notice of appeal in the district court, within 14 days from the date of the judgment or the denial of a posttrial motion, whichever is later, or, if the appeal is to an appellate court, within the time prescribed by the Alabama Rules of Appellate Procedure or the Alabama Rules of Juvenile Procedure where applicable, together with security for costs as required by law or rule.”