Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2025-0494

_____

### Carolyn Glenn

### v.

### Alisa J. Caldwell and Bonita J. Caldwell, as personal representatives of the Estate of Bonnie Quinton Caldwell, Jr., deceased; and Dorothy J. Caldwell

### Appeal from Tallapoosa Circuit Court
### (CV-24-31)

BRYAN, Justice.

Carolyn Glenn appeals from an April 30, 2025, judgment of the

Tallapoosa Circuit Court.  For the reasons explained below, we reverse

the circuit court's judgment and remand this cause with instructions for

the circuit court to enter a judgment dismissing the action for a lack of subject-matter jurisdiction.

Background

Bonnie Quinton Caldwell, Jr. ("Bonnie"), is deceased and lived in Tallapoosa County at the time of his death. Alisa J. Caldwell ("Alisa") and Bonita J. Caldwell ("Bonita") are Bonnie's daughters, and Dorothy J. Caldwell ("Dorothy") was Bonnie's wife.

Acting pro se, Glenn commenced this action in the Tallapoosa Circuit Court in June 2024. Glenn styled her complaint as a "motion to contest the will, petition for equitable adoption by estoppel and petition to continue as administrator of the estate of Bonnie Caldwell that was administered in Montgomery Probate Court."

It appears from the record that, in 2024, the Montgomery Probate Court issued letters of administration on Bonnie's estate to Glenn, but Dorothy thereafter filed a motion in that court seeking to revoke the letters of administration and to terminate the estate proceedings. It appears that the Montgomery Probate Court then transferred the action to the Tallapoosa Probate Court. The Tallapoosa Probate Court apparently entered an order admitting a document purporting to be

2

Bonnie's will to probate and granting letters testamentary to Alisa and Bonita in March 2024; Alisa and Bonita, as the personal representatives of Bonnie's estate, and Dorothy, as Bonnie's surviving spouse, are referred to collectively as "the proponents." In April 2024, the Tallapoosa Probate Court apparently entered a separate order revoking the letters of administration issued to Glenn by the Montgomery Probate Court.[1] Glenn commenced this action in the Tallapoosa Circuit Court in June 2024.

The precise nature of Glenn's pro se complaint in the circuit court is somewhat unclear, but, from all that appears to this Court, Glenn was

---

[1]The record on appeal contains copies of the court records described in this paragraph, which were produced by the proponents, but the copies are not certified copies. However, there appears to be no dispute regarding their authenticity. See Poff v. Hayes, 763 So. 2d 234, 240 n.3 (Ala. 2000)(referencing affidavit testimony and reasoning as follows: "'The best evidence of a judicial proceeding is the record itself, or a copy where copies are admissible or must be used as proof of such records.' Kroger Co. v. Puckett, 351 So. 2d 582, 587 (Ala. Civ. App. 1977); see also Abingdon Mills v. Grogan, 167 Ala. 146, 153-54, 52 So. 596, 599 (1910); Rule 1005, Ala. R. Evid.; Rule 44, Ala. R. Civ. P.; and Charles W. Gamble, McElroy's Alabama Evidence, § 229.02(3)(5th ed. 1996). The record, however, shows that Poff never challenged the admissibility of this evidence; therefore, the evidence was properly admitted, Kroger Co., 351 So. 2d at 588, and we may consider it.").

attempting to commence a will contest in the circuit court pursuant to §

43-8-199, Ala. Code 1975, which provides:

> "Any person interested in any will who has not contested the same under the provisions of [Ala. Code 1975, Title 42, Chapter 8, Article 7], may, at any time within the six months after the admission of such will to probate in this state, contest the validity of the same by filing a complaint in the circuit court in the county in which such will was probated."[2]

In the circuit court, Glenn argued that she is Bonnie's biological daughter or, alternatively, that she should be regarded as Bonnie's heir pursuant to the doctrine of equitable adoption or adoption by estoppel.[3] By asserting those allegations, it appears that Glenn may have been attempting to demonstrate that she is a "person interested" in Bonnie's purported will within the meaning of § 43-8-199. See Stevens v. Gary, 565 So. 2d 73, 74 (Ala. 1990)("Under ... § 43-8-199, an action to contest a

---

[2]The conclusion that Glenn was attempting to commence a will contest is bolstered by the fact that, on appeal, one of Glenn's arguments is directed toward the circuit court's failure to determine the existence of a will. See Glenn's brief at 24-25. The proponents also note on appeal that Glenn "couched her original filing in the Tallapoosa ... Circuit Court as a 'will contest' ...." Proponents' brief at 27.

[3]See C.E.G. v. A.L.A., 194 So. 3d 950, 959 (Ala. Civ. App. 2015)("An 'equitable adoption' or 'adoption by estoppel' is a rare judicial recognition of a parent-child relationship for the purpose of avoiding an unfair result, typically from the application of intestacy statutes. C.H.H. v. R.H., 696 So. 2d 1076, 1078 (Ala. Civ. App. 1996).").

4

will can be brought only by a person interested in the will or by any person who, had the testator died intestate, would have shared in the estate.").

In November 2024, Glenn filed a motion that, among other things, requested that the circuit court order that a DNA test be conducted. After conducting a hearing, the circuit court entered an order on January 8, 2025, that stated, in relevant part:

> "It is [Glenn's] burden ... to provide proof of relation in this matter as she brought this action before the court. The court is not inclined to grant [Glenn]'s oral request to have the [proponents] submit to a DNA test[. H]owever, [Glenn] may provide proof to the court that her presumed father is not her biological father through DNA testing. The DNA testing must be done through a laboratory with certified professionals[,] ... and the results submitted directly to [the circuit-court clerk]. The submission of a home DNA test will not be accepted."

After conducting a status conference, at which it heard oral argument from Glenn and granted an oral motion to dismiss asserted by the proponents, the circuit court entered a written order on April 30, 2025, stating: "This case is dismissed as [Glenn] has failed to provide proof of relationship as required by the court." Thereafter, Glenn appealed to the Court of Civil Appeals, and that court transferred the

5

appeal to this Court after concluding that it did not have appellate jurisdiction.

Analysis

As explained above, Glenn's chosen vehicle for the present action appears to have been an original will contest initiated in the circuit court pursuant to § 43-8-199 after Bonnie's purported will had already been admitted to probate. This Court has explained:

> "'"In Alabama, a will may be contested in two ways: (1) under § 43-8-190, Ala. Code 1975, before probate, the contest may be instituted in the probate court or (2) under § 43-8-199, Ala. Code 1975, after probate and within six months thereof, a contest may be instituted by filing a complaint in the circuit court of the county in which the will was probated."' Bond v. Pylant, 3 So. 3d 852, 854 (Ala. 2008)(quoting Stevens v. Gary, 565 So. 2d 73, 74 (Ala. 1990)(emphasis added))."

Daniel v. Moye, 224 So. 3d 115, 131 (Ala. 2016).

However, in 2022, the legislature enacted Act No. 2022-427, Ala. Acts 2022, which adopted a new Division of the Alabama Probate Code, now codified at Division 4, Article 7, Chapter 8 of Title 43 ("Division 4"). See § 43-8-210 et seq., Ala. Code 1975. According to its title, Act No.

2022-427 was enacted to, among other things "specify that probate courts have jurisdiction for will contests."[4]

In relevant part, Division 4 applies to "[w]ills filed for probate on or after January 1, 2023." § 43-8-210(a)(1), Ala. Code 1975. Additionally, § 43-8-210(b) specifies, in pertinent part, that §§ 43-8-190 and 43-8-199 "shall not apply to" "[w]ills filed for probate on or after January 1, 2023." Section 43-8-210(c) states: "If any provision of this division conflicts with any provision of Chapter 13 of Title 12; Division 3, Article 7, Chapter 8 of Title 43; or any other provision of law, the provision of this division prevails."

---

[4]Commentary has suggested that

"[t]he overall impression is that threats of contests are often made but few are actually filed. However, the recent 2022 act concerning will contest procedures and the legislative push for its passage likely reflects that the circuit courts and Alabama Supreme Court were handling more will contest matters. … Prior to the 2022 act, the contestant was required to usually file in circuit court, which was more expensive and complicated. The 2022 act now places original and general jurisdiction of will contests in the probate court where the will was offered for probate."

See Hugh M. Lee, Jennifer Marshall Roden & Gaines B. Brake, Alabama Elder Law § 26:86 (2023).

7

As explained above, it appears undisputed that the Tallapoosa Probate Court admitted Bonnie's purported will to probate in March 2024. Therefore, the provisions of Division 4 apply to Bonnie's purported will. See § 43-8-210(a)(1).

Section 43-8-213, Ala. Code 1975, a part of Division 4, provides for the jurisdiction of probate courts as follows:

> "To the full extent permitted by the Constitution of Alabama of 2022 both of the following apply:
>
> "(1) The probate court has jurisdiction over all matters set forth in Section 12-13-1[, Ala. Code 1975].
>
> "(2) The probate court where a will is offered for probate has original and general jurisdiction over the contest of the validity of the will in accordance with Section 43-8-215, [Ala. Code 1975,] unless the proceeding has been removed to the circuit court under Section 43-8-216[, Ala. Code 1975,] and is then pending in the circuit court, in which case jurisdiction will lie with the circuit court until the proceeding is remanded in accordance with Section 43-8-216."

(Emphasis added.)

Section 43-8-215, Ala. Code 1975, provides, in relevant part:

> "(a) A will, before the probate thereof or at any time within 180 days after the admission of such will to probate, may be contested by any interested person by filing in the court where it is offered for probate, or if the proceedings in

8

that court have been removed to the circuit court in accordance with Section 43-8-216[, Ala. Code 1975,] and is then pending in the circuit court, then in the circuit court to which the proceeding has been removed, allegations in writing that the will was not duly executed, or of the unsoundness of mind of the testator, or of any other valid objections thereto; and thereupon an issue must be made up, under the direction of the court, between the person who made or is making the application for the probate of the will, as plaintiff, and the person contesting the validity of the will, as defendant; and the issue, on application of either party, must be tried by a jury.

"....

"(d) Except for proceedings pending in a probate court in a county where the probate court or judge exercises equity jurisdiction concurrent with that of the circuit court by virtue of a provision of the Constitution of Alabama of 2022, specific to the county, a local act, or a statute specific to the county,[5] then, pursuant to Section 43-8-216, any party to the will contest may remove the will contest from the probate court to the circuit court, provided the removal occurs no later than 42 days before the first setting of the contest for trial unless leave of the probate court is obtained based on a showing of good cause."

(Emphasis added.)

Thus, under the new procedure set forth in § 43-8-215, will contests are to be filed in the relevant <u>probate</u> court -- even after the will at issue

---

[5]See <u>Segrest v. Segrest</u>, 328 So. 3d 256, 267 n.7 (Ala. 2020); and <u>id.</u> at 269 n.8 (providing a list of probate courts with concurrent equity jurisdiction).

has been admitted to probate -- unless the probate proceedings have been "removed" to the circuit court pursuant to § 43-8-216, Ala. Code 1975. Moreover, under the procedure set forth in § 43-8-215(d), a will contest that has been initiated in a probate court can then be "remove[d]" to the circuit court under certain circumstances.

In the present case, there is no indication that Glenn sought to "remove" any probate proceeding originally commenced in the Tallapoosa Probate Court from that court to the circuit court. Instead, as explained above, it appears that Glenn was attempting to initiate an original will contest in the circuit court pursuant to § 43-8-199.

However, because Bonnie's purported will was admitted to probate in March 2024, the provisions of Division 4 apply to Bonnie's purported will, and, pursuant to § 43-8-213(2), "[t]he probate court where a will is offered for probate has original and general jurisdiction over the contest of the validity of the will in accordance with Section 43-8-215 ...."

This Court has explained that,

> "[i]n a will contest, the subject-matter jurisdiction of both the probate court and the circuit court is statutory and limited. Kaller v. Rigdon, 480 So. 2d 536, 539 (Ala. 1985). In a long line of cases, this Court has held that strict compliance with the statutory language pertaining to a will contest is required to invoke the jurisdiction of the appropriate court."

10

<u>Jones v. Brewster</u>, 282 So. 3d 854, 858 (Ala. 2019).

In the present case, no party has raised the applicability of Division 4 and its impact on the circuit court's subject-matter jurisdiction to consider Glenn's will contest originally commenced in that court. However,

> "'"[a]lthough [no] party raises a question before this Court regarding the circuit court's subject-matter jurisdiction to consider the [Glenn's] will contest, the absence of subject-matter jurisdiction cannot be waived, and it is the duty of an appellate court to notice the absence of subject-matter jurisdiction <u>ex mero motu</u>. <u>See</u> <u>MPQ, Inc. v. Birmingham Realty Co.</u>, 78 So. 3d 391, 393 (Ala. 2011)."'"

<u>Jones</u>, 282 So. 3d at 856 (citations omitted).

Based on the foregoing, we conclude that the circuit court lacked subject-matter jurisdiction to consider Glenn's will contest. "'Lacking subject matter jurisdiction [a court] may take no action other than to exercise its power to dismiss the action. ... Any other action taken by a court lacking subject matter jurisdiction is null and void.'" <u>State v. Property at 2018 Rainbow Drive</u>, 740 So. 2d 1025, 1029 (Ala. 1999)(quoting <u>Beach v. Director of Revenue</u>, 934 S.W.2d 315, 318 (Mo. Ct. App. 1996)).

As explained above, the circuit court did enter a judgment dismissing Glenn's complaint in this action. However, the apparent basis for the circuit court's dismissal was Glenn's failure to prosecute or to comply with the circuit court's previous order, which, under the circumstances presented here, may be regarded as an adjudication on the merits. See Washington Mut. Bank, F.A. v. Campbell, 24 So. 3d 435, 440 (Ala. 2009). By contrast, "[a] dismissal for lack of subject-matter jurisdiction does not operate as an adjudication on the merits." Ex parte Stewart, 985 So. 2d 404, 409 (Ala. 2007).

Accordingly, to clarify the proper basis for the dismissal of this action, we reverse the circuit court's April 30, 2025, judgment and remand this cause with instructions to the circuit court to enter a judgment dismissing this action for a lack of subject-matter jurisdiction. In so doing, however, we express no opinion regarding Glenn's ability to bring a will contest in the Tallapoosa Probate Court.

Finally, we also note that the proponents have filed a motion in this Court requesting an award of attorney fees on appeal. We deny that motion by separate order.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Stewart, C.J., and Shaw, Wise, Mendheim, Cook, McCool, and Parker, JJ., concur.

Sellers, J., concurs in the result.